## PRESTON *against* BACON.

An execution was, by the creditor, put into the hands of an officer, with direction to levy it on the body of the debtor, and commit him to prison; the officer, thereupon, arrested the debtor, and proceeded with him several miles on the way to the gaol; after which, the attorney of the debt-

*Litchfield,*
*June,*
*1823.*

Preston
*v.*
Bacon.

or, in his behalf, and with his consent, and without any advice, assistance or interference of the officer, made a proposition to the creditor for a settlement, which was accepted by the creditor; and a settlement was accordingly effected, while the debtor remained in custody. Before the officer would release the debtor from custody, he demanded, as his fees on the execution, a commission on the debt as having been *secured and satisfied by him;* for which the debtor gave his promissory note. In an action on such note, it was held, 1, that the officer was not entitled to such commission ; 2. that he had a right to the same allowance as though he had committed the debtor to prison ; 3. that the note thus taken, and including a greater sum than was legally due, was founded in extortion, and was, therefore, void.

This was an action on a promissory note for 100 dollars. On the day preceding the date of the note, *Marcus De Forest* of *Woodbury*, having in his hands an execution in his favour against the present defendant, *Chauncey Whittlesey* and three other persons, for the sum of 6,532 dollars, 25 cents; and having received information, that the defendant, whose place of abode was at *New-Haven*, and who was the only or chief responsible debtor in the execution, was, at that time, at *Roxbury*, at the house of said *Whittlesey*, his son-in-law, delivered such execution to the plaintiff, a deputy of the sheriff of *Litchfield* county, with direction to levy it on the bodies of the defendant and *Whittlesey*, and commit them to prison. The plaintiff and *De Forest* went together to *Roxbury*, that evening, and there arrested the defendant and *Whittlesey;* and, the next morning, proceeded with them to *Woodbury*, on their way to the gaol in *Litchfield*. At *Woodbury*, at the office of the defendant's attorney, a proposition was made by such attorney, in behalf of the defendant, and with his consent, and without any advice, assistance or interference of the plaintiff, to *De Forest*, the creditor, to satisfy the execution in lands of the defendant, to be taken at the appraisement of men, and the fees to which the plaintiff was entitled to be paid by the defendant. This proposition was accepted, by *De Forest;* and an arrangement was effected, while the debtors were in the custody of the plaintiff. Before the plaintiff would discharge them from custody, he demanded of the defendant, as his fees on the execution, 100 dollars; and to secure the payment thereof, the defendant gave the note in suit; and thereupon the plaintiff released the defendant and *Whittlesey* from custody. *Roxbury* is six miles from *Woodbury;* and *Woodbury* is fifteen miles from *Litchfield*. If upon these facts, the plaintiff is entitled to recover, judg-

ment is to be rendered for the plaintiff; otherwise, for the defendant.

The case was reserved for the advice of all the Judges.

*Bacon* and *C. B. Phelps*, for the plaintiff, contended, 1. That the plaintiff was entitled to take of the defendant a sum equal to the amount of the note. In *England*, the sheriff antiently received a salary from the king, and was restrained from taking any other reward for his official services, by the statute of *Westminster* 1. *c.* 26. *Co. Litt.* 386. By the statute 29 *Eliz. c.* 4. the sheriff was allowed a certain poundage on the sum, which he levied or extended, or delivered in execution. By our law, he has always been entitled to a compensation, for the service of executions, to be paid, as the case may require, by the party employing him, or by the debtor. By our present statute on this subject, he is entitled to a compensation in three classes of cases : 1st, for levying and collecting every execution, where the money is actually collected and paid over ; 2ndly, where the debt is secured and satisfied, by the officer, to the acceptance of the creditor ; 3rdly, where the execution is levied on the body of the debtor, and he is committed to gaol. *Stat.* 393. In the two former classes, the compensation is a commission of two per cent ; in the latter, of one per cent. The plaintiff can claim nothing under the last provision ; for he did not commit the debtor to gaol. He is entitled to a commission of two per cent, or nothing. It was clearly the intention of the legislature to give the officer a compensation proportioned to his trouble and risk ; and such a construction ought to be put upon the statute as will best carry that intention to effect. 1 *Bla. Comm.* 61. 15 *Johns. Rep.* 380, 1. Now, after the trouble and risk, which the plaintiff, in this case, had, does it comport with the object of the legislature, to permit the presence and interference of the creditor to defeat the officer of his fees ? Though the plaintiff did not *directly* procure the settlement, or give any advice or assistance in relation to it, or interfere respecting it ; yet he was still an *efficient agent* in effecting it. It was what the plaintiff had done, that drew forth the proposition for a settlement. The words " secured and satisfied, by the officer," do not mean, that he shall pay the debt out of his own money, or mortgage his own land. Nor is it necessary that the sheriff be the scrivener of the deeds, by which the debt is secured. In *Landon*

*Litchfield,*
*June,*
*1823.*

*Preston*
*v.*
*Bacon.*

v. *Phelps,* 2 *Day* 370. the sheriff levied on property, and took a receipt; the judgment was reversed; the sheriff recovered his fees; and the commission of two per cent. was the rule of damages established by the superior court, and the supreme court of errors. There the money was never collected and paid over; nor was the debt *secured and satisfied by the officer.* Though the *words* of the statute had not been complied with, yet the officer was allowed full fees. The stat. 29 *Eliz. c.* 4. allows the sheriff twelve pence for every twenty shillings that he shall levy and pay over, or take the body in execution for; yet in *Alchin* v. *Wells,* 5 *Term Rep.* 470. it was decided, that if the sheriff levy a *fi. fa.* he is entitled to his fees, though the parties compromise. In *Hildreth* v. *Ellice,* 1 *Caines* 192., *Adams* v. *Hopkins,* 5 *Johns Rep.* 252. and *Boswell* v. *Dingley,* 4 *Mass. Rep.* 411. the words of the statute prescribing the fees had not been complied with; yet full fees were allowed.

2. That if, in strictness, the plaintiff was not entitled to a commission of two per cent; yet as there was a fair compromise of a doubtful right, each of the parties yielding a part of their respective claims; and as the promise to pay, on the part of the defendant, was voluntary; the note is not void.

*J. W. Huntington,* for the defendant, insisted, 1. That the sum included in the note sued upon, was larger than the amount of the plaintiff's legal fees. This point turns on the question whether this execution was *secured and satisfied, by the officer, to the acceptance of the creditor.* Three things are to concur to entitle the officer to fees under this clause in the statute. 1. The debt is to be *secured* and *satisfied.* 2. It is to be done by *the officer.* And 3. to the *acceptance of the creditor.* It is evident, that the *security* and *satisfaction* referred to, has relation to *property,* and not to the *technical satisfaction,* which the law presumes, by the arrest or commitment of the body of the debtor; for, in such case, the law has provided a different percentage, as fees to the officer, from the allowance in the case under consideration. Neither the arrest, by the plaintiff, of the body of the defendant, nor the commitment of him to prison, is, *of itself,* the security and satisfaction contemplated by the statute, to entitle him to the money specified in the note; but it is the extinguishment of the debt contained in the execution, by the creditor's receiving something in lieu thereof, so that the

execution can no longer be enforced against the debtor, by the creditor. It is a *payment* of the execution, so far as the relative rights and duties of the parties to it are concerned. This has been done. The debt has been *secured* and *satisfied*; and this has been done to the *acceptance* of the creditor. But, has this security and satisfaction, thus accepted by the creditor, been effected *by the officer?* That this must be effected through his agency and instrumentality, is evident, first, because the statute expressly requires it; and secondly, because, if the debt is satisfied without the aid of the officer, he is entitled to no reward for services, for he has performed none. That the officer had any agency, either in proposing the arrangement, which was finally carried into effect, or that he aided in completing it, is explicitly negated by the case. All that was done by the officer, was, to arrest the body of the defendant, and hold him in custody, while a negotiation, proposed without his knowledge, carried on without his advice, and completed without his assistance, terminated in a satisfactory arrangement, by means of which the debt was discharged.

But it is said, that the officer had an *indirect* agency, because it was in consequence of the arrest, that the debt was paid; and therefore, he is entitled, in justice, to the same compensation as though he had actually secured and satisfied it. The principle on which this claim must be supported, if at all, is, that whenever the consequence of an arrest of the debtor is the payment or satisfaction of the debt, by an arrangement exclusively between debtor and creditor, without the assistance or interference of the officer, the latter has, in contemplation of law, secured and satisfied the debt to the acceptance of the creditor. With respect to this principle, thus gratuitously assumed, there are two difficulties. First, admitting its abstract correctness, the *facts* in this case do not warrant its application. *Non constat* that the arrangement was the effect of the arrest. It is not so stated in the case; which, upon this point, is altogether silent. It follows, necessarily, that the court are now called upon to say, as matter of law, that in the absence of proof, it is a legal presumption, that if a debtor in execution, while in custody, makes a settlement with his creditor, without the knowledge, advice or assistance of the officer, he is compelled to make it in consequence of being thus arrested and held in custody; and then, that it is the act of the officer, which causes the

*Litchfield,*
June,
1823.

Preston
*v.*
Bacon.

HARVARD LAW LIBRARY

*Litchfield,*
*June,*
*1823.*

*Preston*
*v.*
*Bacon.*

satisfaction to be made. There is, obviously, no ground for such a presumption. Secondly, if the fact existed, the principle itself has no foundation in reason or analogy. It will not comport with the words, or the evident meaning of the statute. The language of the statute plainly requires, that the officer shall *do something.* The officer is to procure the satisfaction; to offer it for the acceptance of the creditor; and the creditor is to accept what is offered by the officer. This makes the statute intelligible, and provides for the numerous cases which occur, in which the officer does not actually pay the money, but secures the creditor in the eventual receipt of it. Further, the principle assumed, substitutes a remote consequence for a direct agency. It makes the officer a *secondary,* when this clause of the statute contemplates him as the *primary* agent, in effecting the security eventually obtained.

It is further said, that the construction, for which we contend, will deprive the officer of all fees, which is manifestly unjust. This is not a legitimate consequence. He is entitled to the same fees, as though he had completed the execution of his process; and he has a lien upon the person of the debtor until these fees are paid; or, at any rate, he has a claim upon the creditor who employed him. *Pearl* v. *Rawdin,* 5 *Day* 244. But, if this were a *casus omissus,* it would not alter the principle. If a statute imposes a duty on any one, and gives him no recompence, he cannot recover any. *Bilke* v. *Havelock,* 3 *Campb.* 374. *Graham &* al. v. *Grill,* 2 *Mau. & Selw.* 294. *Stewart* v. *Bracebridge,* 2 *Barn. & Ald.* 770.

2. The note having been taken for illegal fees, is void. It was taken by the plaintiff, *colore officii,* while the defendant was under arrest, and before the plaintiff would release him. It was, therefore, an act of *extortion;* which consists in " the taking of money, by an officer, by colour of his office, either where none at all is due, or not so much is due, or where it is not yet due." 1 *Hawk. P. C.* 316. *Com. Dig. tit.* Extortion. A. 1. *Co. Litt.* 368. *b. Farrar,* admr. v. *Barton &* al. 5 *Mass. Rep.* 396. per *Parsons,* C. J. But if this were not strictly an act of extortion, yet the note is void, as being an undertaking to do an act prohibited by statute. The officer is expressly confined to the fees specified in the act regulating this subject. *Stat.* 393.

*Benedict,* on the same side, was stopped by the Court.

H)SMER, Ch. J. The plaintiff, a deputy to the sheriff of
*Litchfield* county, having in his hands an execution for service, levied it on the bodies of the defendant and one *Whittle-*
*sey,* at *Roxbury ;* and thence proceeded with them towards the county gaol, as far as *Woodbury.* At this place, *without the advice, assistance, or interference of the plaintiff,* the execution creditor received of the said *Bacon,* lands at appraisement, in full satisfaction of the execution. Before the plaintiff would release *Bacon* and *Whittlesey* from custody, he demanded as fees on the execution, one hundred dollars ; to secure the payment of which, the defendant gave the promissory note in suit. If the service of the execution is considered as being merely equivalent to a commitment of the defendant and *Whittlesey* to gaol, the aforesaid note transcends the legal allowance, by nearly thirty dollars. But if the plaintiff was entitled to a commission on the debt, as having been *secured* and *satisfied* by him, the consideration of the note is unexceptionable.

The statute for regulating salaries and fees, *p.* 393. has prescribed the allowance to officers for levying and collecting executions. By the *English* common law, the sheriff is not entitled to fees for his official services. 3 *Bac. Abridg.* 120. *tit.* Fees ; and no *quantum meruit* is applicable to this subject. The legislature of this state, from time to time, with no inconsiderable solicitude to prevent the extortion of officers, has made laws to reduce the allowance for their services to a known and absolute certainty ; and in the 13th section of the act before-mentioned, has declared ; that "no sheriff, constable, or other officer, shall add or make any other items of fees, not specified in this act, for the service or return of any civil process whatever, nor for any other purpose, in civil causes, *but shall be wholly confined to the fees in this act specified.*" To remunerate an officer for meritorious service in the levy of an execution, or by reason of his having been the remote cause of an important benefit to the creditor, would be in the face of the prescription and prohibition of the above statute. The 12th section of the law has defined the rule of allowance, by monuments, which we may not disregard, and by which we must implicitly be governed. It has provided ; "Where the money is actually collected and paid over, or *where the debt is secured and satisfied by the officer,* to the acceptance of the creditor, when the amount of the execution does not exceed three dollars and

HARVARD LAW LIBRARY

*Litchfield,*
*June,*
*1823.*

Preston
*v.*
Bacon.

thirty-four cents, the officer collecting the same shall be allowed seventeen cents, and *two per cent.* on the amount of the execution, above that sum ; and when the execution shall be levied on the body of the debtor, and he committed to gaol, *one per cent.* on the amount of the execution shall be allowed the officer, and *no more.*" When a statute is expressed in terms, clear, precise, and susceptible only of one sense, the meaning of the law is free from all possible doubt. This is the character of the above section for the regulation of fees. The first clause of the section relates to " money actually collected and paid over ;" within which expression it is not pretended, that the services of the plaintiff are embraced. The next clause provides fees, " where the debt is *secured and satisfied by the officer,* to the acceptance of the creditor." In the case under discussion, the debt was secured by the creditor, and *not by the officer,* nor by his advice, assistance, or interference. In no possible sense, directly or indirectly, can he be said to have secured the debt in question.

It has been contended, however, that he falls within the *reason* of the law, on account of his having arrested the bodies of the debtors, and thus become the remote and accidental cause of the debt's having been secured. On this pretext of meritorious agency, I do not know why a sheriff, who has committed to gaol a debtor on execution, which commitment operates to bring forth the secret hoards of cash, and to compel payment of the debt, should not be compensated for having paid the creditor's demand. The statute meant to designate services, of which the officer was the direct and immediate agent, as the subject of a specific allowance, and not to remunerate him for the *contingent results* of his official acts. It never was intended to confer upon an officer, a gratuity, for the casual benefits derived from his services ; nor to make the acquisition of the creditor the measure of his allowance. This is not the legal rule of compensation to any agent ; much less is it to him, whose reward is defined with the most perfect certainty. The basis of the allowance to a sheriff, is, his trouble and risk ; or, in other words, his actual service and responsibility. To confer on him an extraordinary commission, for having secured and paid a debt, when he did neither, but arrested the body only, would be to reward him for services he never performed, and a responsibility he never assumed. Had the plaintiff levi-

ed on the property of the debtors, and, before the sale of it, the creditor had received payment of his debt in some other manner, the demand of the officer, as I shall endeavour to evince, would have been within the intendment of the law.

The last clause of the section on which I am commenting, declares, that "when the execution shall be levied on the body of the debtor, and he committed to gaol, *one per cent.* on the amount of the execution shall be allowed to the officer, and *no more.*" The bodies of the debtors, in the case before us, were levied on; and while on the way to the gaol, the creditor received the payment of his debt; and the consummation of the service begun, by a commitment of them to prison, was thus prevented. The officer, in my judgment, had acquired a right to the same allowance, as if he had actually imprisoned the debtors. This construction of the statute is enforced, by the determinations of courts in analogous cases. The act of 29 *Eliz. c.* 4. allows poundage on the sum which the sheriff levies or extends, and delivers in execution. Under this law, in *Alchin* v. *Wells,* 5 *Term Rep.* 470., it was determined, if a sheriff levy under a *fi. fa.,* he is entitled to his poundage, though the parties compromise before he sells any of the defendant's goods. The same principle of construction was adopted, by the supreme court of the state of *New-York,* in *Hildreth* v. *Ellice,* 1 *Caines* 192. and in *Adams* v. *Hopkins,* 5 *Johns. Rep.* 252., and in *Scott* v. *Shaw,* 13 *Johns. Rep.* 378. The words of the statute did not warrant these determinations, but they were justly considered to be within its reason and spirit. In the former case, it was correctly observed by *Thompson,* J., "to say that a sheriff shall be entitled to no poundage, when a compromise takes place, would be manifestly unjust. He may have incurred all the risk and responsibility for the safe-keeping of the property; and it will then be in the power of the parties, to deprive him of compensation for it." It is said by Sir *Wm. Blackstone,* that "where some collateral matter arises out of the general words" (of a statute) "and happens to be unreasonable, there the judges are in decency to conclude, that this consequence was not foreseen by parliament; and therefore, they are at liberty to expound the statute by equity, and only *quoad hoc* disregard it." 1 *Comm.* 91. Now, it would be most unreasonable to infer, that the legislature intended to deny an officer, a competent allowance for all the risk and responsibility he had assumed, in the course of

his official duty. If the sheriff were defeated, by such a construction of the statute, as would infallibly subject him to uncompensated risk and responsibility, it would be enormously unjust. Suppose an officer levies an execution on the body of a debtor, and takes him to the door of the gaol, at the distance of many miles from the place of arrest; but that his actual commitment is anticipated, by the settlement of the parties. Here, the whole service, virtually, would be performed, and the whole risk and responsibility undergone. It can never be believed, that the legislature intended to countenance, much less, to prescribe injustice so flagrant, as that the sheriff, in the case supposed, should only have his fees for travel. But a construction of the statute, requiring an actual commitment, as the necessary price of poundage, would infallibly be followed by the consequence alluded to. From the premises, I deduce this general rule, as expressive of the reason and spirit of the law, that if an officer levy an execution on property, or on the body, and is prevented, by the compromise of the creditor with the debtor, from further proceeding, he is entitled to the same fees, as if the service begun had been actually consummated. It is, therefore, my conclusion, that the sum included in the note now in suit, is beyond the legal allowance; although it would not have been, if the commission of one per cent. in addition to the officer's travel, had been exacted.

A contract for any matter or thing, against the prohibition of a statute, is void, although the statute does not declare it to be so. *Bartlett* v. *Vinor, Carth.* 252. 1 *Com.* on *Contr.* 58. *Farrar* v. *Barton & al.* 5 *Mass. Rep.* 395. The promissory note in question is likewise void, on the ground of *extortion,* which is defined to be, any oppression by colour or pretence of right, and particularly the exaction by an officer, of money, by colour of his office, either when none at all is due, or not so much is due, or when it is not yet due. *Co. Litt.* 368. *b. Beaufage's* case, 10 *Co.* 102. *a.* 1 *Hawk. P. C.* 170. *Com. Dig. tit.* Extortion. A. 1. The determinations on this subject have been numerous, and fully establish this principle, that where an officer, *colore officii,* detains the person or property of another, or refuses him a benefit to which he has a legal right, until money has been unduly paid, the proceeding is illegal, and the money recoverable, in an action for money had and received. On the same ground, a contract to pay more than is due, is unquestionably void.

*Astley* v. *Reynolds,* 2 *Stra.* 915. *Stevenson* & al. v. *Mortimer,* *Cowp.* 805. *Irving* v. *Wilson* & al. 4 *Term Rep.* 485. *Miller* v. *Aris,* 3 *Esp. Rep.* 231. *Snowdon* v. *Davis,* 1 *Taunton* 359. *Carey* v. *Prentice,* 1 *Root* 91. *Bates* v. *New-York Insurance Co.,* 3 *Johns. Ca.* 238. *Ripley* & al. v. *Gelston,* 9 *Johns. Rep.* 201. *Clinton* v. *Strong* & al. 9 *Johns. Rep.* 370.

As the result, I am clearly of opinion, that the note in suit, is founded in extortion; and that the defendant, for this reason, is entitled to judgment.

CHAPMAN, BRAINARD and BRISTOL, Js. were of the same opinion.

PETERS, J. If the statute, under which the question arises, in this case, is to be construed *strictly,* judgment must be rendered for the defendant; for the plaintiff's claim is not within the *words* of the statute, as the money was not "actually collected and paid over," nor was "the debt secured and satisfied, *by the officer,* to the acceptance of the creditor," nor was "the execution levied on the body of the debtor, and he committed to gaol. *Stat.* 393. (*tit.* 83. *sect.* 13.) Is the officer, then, to run the hazard of taking two men in execution for nearly 7000 dollars, and carrying them half way to prison, for the *pittance* allowed for travel? The statute ought to have a reasonable construction. The debt has been *secured* and *satisfied,* to the acceptance of the creditor, not indeed by the *mere* act of the officer; but he was a principal actor in the transaction. By the direction of the creditor, whose agent he was, he arrested the debtors, carried them six miles towards the prison, went out of his way to meet the debtors' attorney, and held them in custody during the negotiation for a settlement, and until the compromise was affected. Could this have been done without his aid? If so, why was he called upon, and detained? Had the money been counted in the presence of the parties and the officer, and handed *directly* to the creditor, by the debtor, in the presence of the officer; or had property been seized and released, under a similar compromise; surely, the officer would have been entitled to his percentage, not as having actually collected or paid over, or secured the debt within the letter of the statute, but as having done equivalent acts. The debtors were not in gaol, but the debt was paid. In *Alchin* v. *Wells,* 5 *Term Rep.* 470. it was decided, that if the sheriff

Preston
v.
Bacon.

HARVARD LAW LIBRARY

*Litchfield,*
*June,*
*1823.*

*Preston*
*v.*
*Bacon.*

levy a *fi. fa.* he is entitled to poundage, though the parties compromise before the sale. But the statute 29 *Eliz. c.* 4. only allows poundage on the sum, which the sheriff levies (*i. e.* collects) or extends and delivers in execution. So in *Hildreth* v. *Ellice,* 1 *Caines* 192. *Thompson,* J., in delivering the opinion of the court, in a similar case, under a similar statute, remarks, that " to say that the sheriff should be entitled to no poundage, when a compromise takes place, would be manifestly unjust." Suppose that on the very day of sale, and before the vendue commences, the debtor should pay the sheriff the money, would he not be entitled to his poundage ? I can see no material distinction whether the money be paid to the creditor, or to the sheriff, in this stage of the business. I, therefore, think, that the plaintiff is entitled to judgment.

Judgment to be entered for defendant.