FREELING W. PECK v. THE CITY NATIONAL BANK OF
GRAND RAPIDS.

*Poundage—Assignment of error on the record.*

An action for sheriff's fees will not lie upon the quantum meruit, as at common law he was not entitled to them.

"Service of execution" covers every act and proceeding that may be required for collecting the amount of the judgment, including the sale of the property, when that shall be necessary.

A sheriff who has levied only on real estate is not entitled to poundage until the property taken is sold or money collected on the judgment; and this is especially so where statutory provision is made for the payment of his fees.

| | |
|---|---|
| 51 | 353 |
| 66 | 555 |
| 67 | 616 |
| 51 | 353 |
| 78 | 119 |
| 51 | 353 |
| 81 | 195 |
| 51 | 353 |
| 82 | 156 |
| 51 | 353 |
| 87 | 622 |
| 51 | 353 |
| 115 | 408 |

Judgments are under the control of the parties recovering them, or of their attorneys, and they may restrain the sheriff from proceeding to collect them.

Error may be assigned upon the record where the only question is whether the facts found support the judgment, the finding being treated in such cases as a special verdict.

Error to Kent. (Montgomery, J.) June 22.—Oct. 3.

Assumpsit. Defendant brings error. Reversed.

*John C. Fitz Gerald* and *Allen C. Adsit* for appellant. A sheriff's right to fees is statutory : *Campbell v. Cothran* 56 N. Y. 281; and restricted to what the statute allows: *Crofut v. Brandt* 58 N. Y. 116; services not specifically provided for must be considered paid by the fees allowed for other work: *Crocker v. Supervisors* 35 Wis. 286; *Preston v. Bacon* 4 Conn. 472; compensation for a levy is measured by the sum actually collected: *Taylor v. Ranney* 4 Hill 621; *Spafford v. Beach* 2 Doug. (Mich.) 150; *Bryan v. Buckmaster* Breese (appx.) 22; *Shepard v. Rowe* 14 Wend. 262.

*Stuart & Sweet* for appellee. A sheriff is entitled to his full poundage for the sum endorsed on the execution if he levies on land and in consequence of a settlement does not sell: *Hildreth v. Ellice* 1 Cai. 192; *Alchin v. Wells* 5 Term 471; *Adams v. Hopkins* 5 Johns. 252; *Boswell v. Dingley* 4 Mass. 411; *Scott v. Shaw* 13 Johns. 378; *Parsons v. Bowdoin* 17 Wend. 14; *Bolton v. Lawrence* 9 Wend. 435; *Germ. Am. Bk. v. Morris Run Coal Co.* 68 N. Y. 590; *Baldwin v. Shaw* 35 Vt. 273.

Sherwood, J. The plaintiff was sheriff of Kent county, and, at the request of the attorney for the defendant, on the second day of October, 1880, levied an execution in favor of defendant, issued upon a judgment rendered for the same of $10,302.77, upon real estate alleged to be owned by the judgment debtor, but the title to which the defendant claimed was fraudulently conveyed to the judgment debtor's wife. And again, on the 4th day of December,

1880, levied the same execution upon the same land, and made and filed a notice of said levies with the register of deeds, as required by law; and, after making said levies, the defendant requested the plaintiff to proceed no further until the question of title could be settled. On the 18th day of October, 1881, the wife of the judgment debtor filed her bill against said sheriff to remove the cloud from the title to said land created by the said levies, and enjoined said defendant and said sheriff from making sale of the property under the execution; and said suit was pending and ready for hearing when this suit was brought.

The sheriff has, ever since said levies, been ready and willing to proceed and advertise and sell the said lands, but has been prevented by the aforesaid instructions of the defendant and his attorney and by the injunction.

The defendant, before the commencement of this suit, tendered and offered to pay said plaintiff his fees and charges claimed, to the amount of $3.40. This sum the plaintiff declined to receive, and claimed, in addition thereto, that he was entitled to percentage or poundage on the whole amount of the judgment, amounting to $135.58, and brings this suit therefor.

The only question in the case being whether the sheriff is entitled to the percentage claimed, at the circuit the plaintiff had judgment for the full amount claimed, and defendant brings error.

The common law gave no fees to sheriffs. *Mitchell v. Reynolds* 10 Mod. 139; *Hildreth v. Ellice* 1 Caines 192; *Campbell v. Cothran* 56 N. Y. 279; 2 Bac. Ab. "Fees" 463. No question of quantum meruit is therefore applicable to this subject. *Preston v. Bacon* 4 Conn. 471. The written law fixes the sheriff's compensation for his services in serving process and collecting on executions, and any charges made and collected in violation of law, in excess of amounts prescribed, are visited with heavy penalties. Our statutes upon this subject in this State will be found in 2 Comp. L. 1871, § 4685, on pages 2048, 2049, and 2050; 2051, 2110; and Pub. Acts of 1881, pp. 103, 104 and 105; *Burk v. Webb* 32 Mich. 182.

The statute relating more particularly to the question raised in this case reads as follows:

"for serving an attachment for the payment of money, or an execution for the payment of money, * * * for collecting the sum of two hundred and fifty dollars or less, two and one-half per cent., and for any sum more than two hundred and fifty dollars, one and one-quarter per cent.; advertising goods or chattels, lands or tenements, for sale, on any execution, if a sale be made, one dollar; and if the execution be stayed or settled after advertising and before sale, fifty cents. The fees allowed by law and paid to any printer by such sheriff for publishing an advertisement of the sale of real estate for not more than six weeks, and for publishing the postponement of any such sale, the expense shall be paid by the party requiring the same. The fees herein allowed for the service of an execution and for advertising therein, shall be collected by virtue of such execution, in the same manner as the sum therein directed to be levied."

The fees for services in making the levy, and for traveling in serving the execution, for making certificate of levy and copies thereof, and copy of the writ, and his fees for filing notice of levy with register of deeds, for drawing and executing the deed made on the sale, and making return of the execution, and for doing each and everything necessary to be done or performed, are specially provided for in the statute. Pub. Acts 1881, pp. 103, 104 and 105.

It will be noticed that it was evidently the intention of the Legislature to reduce, as far as possible, the compensation for services of sheriffs to a known and absolute certainty. No prospective fees are contemplated or can be allowed. There is no question made but that the fees charged for actual service rendered in this case are right; but it is insisted there has been no such service as is contemplated by the statute, to entitle the sheriff to his percentage on the amount stated in the execution; that there has been no sale of the property; that the levy was on real estate and directed by the plaintiff's attorney; the sheriff could take no possession of the property, and he has incurred no risks; that it is only upon the satisfaction of the execution in this case,

or upon the amount actually realized, that the sheriff can charge his poundage, and the execution not having been satisfied, or any part thereof, the plaintiff can charge nothing.

The plaintiff claims that, after making his levy, he had an interest therein to the extent of the statutory percentage on the amount the execution directed him to levy, and that, having been prevented by defendant from completing the service of the execution by sale, he was entitled to receive his percentage.

The statute of 28 Eliz. c. 4, impliedly permitted the taking of fees by the sheriff for executing certain process. That statute declared he should take of no person for serving an execution upon the body or property, more or other consideration than is allowed by the statute,—that is to say, twelve pence for every twenty shillings when the sum exceedeth not one hundred pounds; sixpence for every twenty shillings over that he should so levy and return and deliver in execution, or take the body in execution for. It is evident from this language that the compensation in the statute mentioned was a commission upon the amount collected on the execution, or in case of a *ca. sa.* on the amount of the debt, on completing the service of the writ by taking the body of the defendant; and Grose, Justice, in *Woodgate v. Knatchbull* 2 Term 158, referring to this statute, says that it "was the intention of the legislature that the sheriff should be paid in proportion to the sum levied out of the sum levied, and that the sheriff should only levy what was really due." The term "levy" is here used in its strict sense. It includes both the seizure and the sale of the property taken upon the execution. 2 Bouv. Law Dict. 39; *Campbell v. Cothran* 56 N. Y. 279.

This statute did not make the fees to the sheriff a charge to the defendant, and the plaintiff had to pay them. By the statute (43 Geo. III. c. 46) the sheriff was allowed to levy his poundage in addition to the debt mentioned on the execution. "The principle of the statute was to measure the compensation to the sheriff for executing a fi. fa. by the amount collected upon it. If he collected nothing, no com-

pensation was due.  This was the general principle." Based
upon these two English statutes is founded the statute of
the state of New York upon this subject.  This statute, in
New York, has frequently come under the consideration of
the courts of that state and in some others; in New York
it seems to be settled that when the sheriff proceeds to sale
on a fi. fa. he is entitled only to his poundage on the sum
actually made (*Campbell v. Cothran* supra 284 ; 1 Cai. 194 ;)
and whenever the plaintiff interferes and prevents a sale by
settlement or compromise, and a satisfaction of the judg-
ment is obtained, he is entitled to poundage on the amount
realized by the plaintiff.  Allen on Sheriffs 355 ; *Hildreth
v. Ellice* 1 Cai. 192 ; *Parsons v. Bowdoin* 17 Wend. 14 ;
*Adams v. Hopkins* 5 Johns. 252 ; *Scott v. Shaw* 13 Johns.
378 ; *German-Amer. Bank v. Morris Run Coal Co.* 68
N. Y. 590 ; Crocker on Sheriffs sec. 1162.

To the same effect are the decisions under the English
statute, and in several of the states.  *Alchin v. Wells* 5
Term 471 ; *Bullen v. Ansley* 6 Esp. 111 ; Impey on Sheriffs
159 ; *Boswell v. Dingley* 4 Mass. 411 ; *Baldwin v. Shaw* 35
Vt. 273 ; *Preston v. Bacon* 4 Conn. 471.  In none of these
cases is it pretended that an allowance of poundage to the
sheriff without a sale of the property is within the words or
the letter of the statute (Hosmer, C. J. in *Preston v. Bacon*
4 Conn. 477); and all seek to justify the conclusion by
placing it upon the ground that service has been performed,
or risk incurred, which would be uncompensated unless in
such cases the sheriff is allowed his poundage.  See cases
cited.  And it is conceded that in many cases the applica-
tion of the rule will work injustice ; that the statute intends
compensation for risk necessarily incurred, or for actual
services rendered, and frequently the plaintiff will be com-
pelled to pay when no risk or service is involved, to make
compensation where no service has been rendered.  I
Caines 194.

It is the right and privilege of the plaintiff or his attor-
ney, and always has been, to control the judgment and the
collectron thereof, and the action of the sheriff when re-

quired, and to aid him in making such collection. Allen on Sheriffs 357; Herman on Executions 210; *Jackson v. Anderson* 4 Wend. 480; *Gorham v. Gale* 7 Cow. 739; *Godfrey v. Gibbons* 22 Wend. 569. And while the rule contended for by plaintiff's counsel, and which finds recognition in some of the authorities above referred to, may be reasonable and proper where poundage is the only compensation the sheriff can receive for any or all of his services in making the money on the execution, certainly the reason for the rule entirely fails when the statute, as in this State, provides a specific compensation for each and every service and proceeding taken, (among which making sale of the property is one,) in making service of the execution.

Service of an execution includes every act and proceeding necessary to be taken by the sheriff to make the money, and includes a sale of the property when necessary. 1 Caines 194. It is for collecting the money with or without sale that the percentage or poundage is given, and when the execution is levied upon real estate only, as in this case, the sheriff has no interest in it beyond his fees for making the levy until the money is collected or sale is made, and then he is entitled to his poundage on the amount collected, or for which it is sold. In such case, until sale is made, the sheriff incurs no risk or responsibility; he is not entitled to the possession of the property, and is constantly subject to the direction of the plaintiff in the execution as to further service in making the collection. 4 Wend. 480 supra.

In the present case no sale of the property was made, neither was any money collected; the plaintiff had only made his levy on real estate which had been pointed out by the defendant's attorney. No extra labor or other service had been performed by the sheriff than making the levy. The amount tendered was sufficient.

The only question in this case is, do the facts found support the judgment? The finding of facts must be regarded as a special verdict; they do not support the judgment rendered in the court below. Error was properly assigned

upon this record, and plaintiff's objection to a review here is not well taken. *Trudo v. Anderson* 10 Mich. 357; *Amboy, Lansing & Traverse Bay R. R. Co. v. Byerly* 13 Mich. 439.

The judgment must be reversed with costs of both courts and a new judgment entered on the finding for the amount tendered.

The other Justices concurred.