## St. L., I. M. & So. Ry. Co. v. Grafton.

1. REWARDS: *For performing official duties.*

    The policy of the law forbids an officer, or one called to aid him in the performance of an official duty, to receive for his services any reward or compensation not allowed by law. And the promise of such reward is illegal and without consideration.

2. SAME: *Same.*

    Where parties while acting as the *posse comitatus* of a sheriff, called out during a railroad strike to aid him in preventing interference with trains, etc., arrest a person accused of interfering with a "switch," they cannot claim to have acted as individuals, independently of the sheriff, and are

Railway Company v. Grafton.

not entitled to recover a reward offered by the railroad company for the arrest and conviction of persons thus offending.

APPEAL from *Nevada* Circuit Court.

C. E. MITCHEL, Judge.

*Dodge & Johnson*, for appellant.

At the time of the arrests each and all of the plaintiffs were acting as a *posse comitatus*, and as special deputy sheriffs, and as members of the Arkansas State militia, under the direction and control of the sheriff of Miller county. They were acting at the time in the capacity of peace officers or officers of the law, and they cannot claim the reward; and the offer (or contract), as to them, is void as being contrary to public policy. *Weaver v. Whitney*, 1 Hopk. (N. Y.), 11; Greenhood on Pub. Policy, pp. 330, 331; 2 Burr., 924; 15 Wend., 780, 781, 782; *Pool v. City of Boston*, 59 Mass., 220; *England v. Davidson*, 3 P. & D., 594.

It is against public policy to allow a man to receive a reward for doing his duty as a public officer. *Dorris v. Burnes*, 87 Mass., 352; *Stilk v. Myrick*, 2 Camp., 317; *Bridge v. Cage Cro Jack.*, 103; *Harris v. Watson*, Peake, 72; and a person accepting a public office with a fixed salary, is bound to perform the duties of the office for the salary. *Evans v. Trenton*, 4 Zeb. (N. J.) 764. An agreement to reward a public officer or policeman for doing that which it is his duty by law to do, is void as against public policy. *Kich v. Meny*, 23 Mo., 74; *State v. Roberts*, 10 Mo., 28; *Means v. Hendershott*, 24 Iowa, 79. Nor is he entitled to extra compensation for performing services which were a part of his official duty. *Pilie v. City N. O.*, 19 La. An., 275. The statute makes it the duty of the sheriff to keep and preserve the peace of his county, for which purpose he is empowered to call to his aid such person or persons of his

county as he deems necessary. *Warner v. Grace*, 14 Minn., 489; *Austin v. Supervisors, etc.*, 24 Wis., 279; *Preston v. Bacon*, 4 Conn., 479; *Smith v. Smith*, 1 Bailey (S. C.), 71; and as a matter of public policy he would not be entitled to claim the reward. *Stamper v. Temple*, 6 Humph., 116; *Smith v. Whitden*, 10 Pa. St., 40; *Bussier v. Pray*, 7 S. & R., 447; *Harwell v. Mayor*, 81 N. Y., 259; *Gilmore v. Lewis*, 12 Ohio R., 286; *Callagan v. Hallett*, 1 Comes, 104; *Ring v. Devlin*, 32 N. W. Rep. (Wis.), 121.

*Arnold & Cook*, for appellees.

If an officer performs an act for which a reward is offered, which act he is under no specific legal obligation to perform, he is not precluded from the recovery of the reward. *Davis v. Manson*, 43 Vt., 676; *Smith v. Moore*, 1 Man., G, and Scott, 438; *England v. Davidson*, 11 Ad. and El., 856; *Smith v. Whilden*, 10 Pa. St., 39. And if he performs extraordinary and additional services beyond what he was legally bound to perform, that is sufficient foundation for the promise and the law will compel its performance. Addison on Contracts, pp. 23, 27; *Reif v. Paige*, 55 Wis., 496; *Russell v. Steward*, 44 Vt., 170; *Pile v. N. O.*, 19 La. An., 274; *Morrill v. Quarles*, 35 Ala., 544; *Hayden v. Sanger*, 56 Ind., 42.

When a public officer, not acting in the line of his duty, arrests a party for whom a reward is offered, with the reward in view, when he is under no specific legal obligation to make the arrest, he can recover the reward. *Davis v. Manson, sup.* And the recovery of a reward in such case is not against public policy. *Ryer v. Stockwell*, 14 Cal., 134.

HUGHES, J.

In March, 1886, in the time of the great strike upon the

Missouri Pacific Railway system, the appellant offered a reward of $500.00 each for the arrest and conviction of any one found interfering with the switches, side tracks or railroad property in the county of Miller in this State. Appellees brought suit to recover six thousand dollars of appellant for the arrest and conviction of twelve persons, alleged to have interfered with a switch on appellant's road. Appellant filed a demurrer to the complaint and a motion for a change of venue, and the cause was transferred to Nevada county for trial. Appellant answered, admitting the offer of the reward, denying the arrest of the twelve persons named in the complaint, or any or either of them, or that any or either of the appellees prosecuted said twelve persons or either or any of them to conviction for interfering with defendant's (appellant's) switches, side tracks, trains or railroad property in the county of Miller; and denied that the twelve persons or any or either of them were ever arrested and convicted by the plaintiffs of the offence of interfering with defendant's property, as charged in the complaint.

The second paragraph in the answer avers, that the twelve men were arrested by the sheriff of Miller county; that at the time of said arrests, said plaintiffs were each acting as a *posse comitatus* and as special deputy sheriff, and as a member of the Arkansas State militia and under the direction and immediate control of the sheriff of Miller county, and were simply discharging their duty and were not entitled to any reward. The case having been submitted to a jury, upon the testimony and instructions of the court, they returned a verdict for the plaintiff for six thousand dollars. Defendant filed a motion for a new trial, which was overruled and he appealed to this court.

Without going into the evidence in detail or discussing

the instructions of the court below, we think that the evidence in the case shows, that the appellees were, at the time of the arrest of the men for the arrest and conviction of whom they claim the rewards offered by appellant, acting as a part of the *posse comitatus* of the sheriff of Miller county, called out to aid him in preserving the peace and in preventing interference with the railroad tracks, engines, trains, etc., in Miller county, and that they cannot be heard to say that in making the arrests they ignored the sheriff and acted

1. REWARDS: For performing official duties. as private individuals.   We are of the opinion that the verdict is without evidence to support it.  The policy of the law forbids a public officer, or those called to aid him in the discharge of a public duty, receiving any reward or compensation for his services outside of that allowed by law.    The plaintiffs were assisting the sheriff's deputies—and, in fact, some of the plaintiffs were his regular deputies—in making these arrests; and they were paid for their services as a sheriff's *posse* by Miller county.   Public policy and the laws forbid that they receive other reward for the same.   ''The rewards of officers are established by law; their services are to be performed for these legal rewards, and other private rewards for acts which are required from them as public duties by the laws of their country and the obligations of their stations, must be regarded as corrupt and illegal exactions.'' *Weaver v. Whitney*, 1 Hopk. (N. Y.), 11.   A promise of a reward for performing a duty, is illegal and without consideration.   *Pool v. City of Boston*, 5 Cushing, 220.  *Stotesbury v. Smith*, 2 Burr., 924;  ''It is against public policy to allow a man to receive a reward for doing his duty as a public officer.''   *Davis v. Burns*, 87 Mass., 352;  *Kick v. Merry*, 23 Mo., 74;  *Means v. Hendershott*, 24 Iowa, 79;  *Pillie v. City of New Orleans*, 19 La. Ann., 275.

"It is undoubtedly a sound rule of law, that a public officer shall not be allowed to receive for performing an official 2. SAME. duty any other compensation or reward than that which is permitted by law." "The statute makes it the duty of a sheriff to keep and preserve the peace of his county, for which purpose he is empowered to call to his aid such person or persons of his county as he deems necessary. He shall also pursue and apprehend felons, execute all warrants, writs and other processes. And whether a sheriff arrests a party, under a warrant or not, he acts in his official capacity * * * * For making an arrest in such case the sheriff is entitled to the same compensation as for making an arrest under a warrant. And the conclusion is, if the arrest is made by the sheriff, or his deputies, he or they were but doing their duty and are not entitled to a reward." *Warner v. Grace.* 14 Minn., 489; 24 Wis., 279; 4 Conn., 479; 1 Bailey (S.C.), 71; 10th Pa. St., 40; *Ring v. Devlin*, 32 N. W. Rep. (Wis.), 121.

The judgment is reversed and the cause is remanded for further proceedings.