[S. F. No. 339.    Department One.—December 31, 1896.]

## CHARLES S. VAN HORN, APPELLANT, v. RICKS WATER COMPANY, RESPONDENT.

REWARD—ARREST AND CONVICTION OF OFFENDER—DEFENSE—AGENT COMPENSATED FOR DETECTION AND REPORT.—Where a reward was offered by a water company for the arrest and conviction of an offender who polluted the stream in violation of law, it is a defense to an action for the recovery of such reward, that plaintiff was employed by defendant as its agent for the purpose of preventing and reporting nuisances upon the stream to the company, for a compensation, and that he reported the offense for which the conviction was had to the company, and received compensation for his services in reporting the nuisance.

ID.—REWARD NOT APPORTIONABLE—DETECTION OF OFFENDER INCLUDED—CONSTRUCTION OF OFFER—KNOWLEDGE OF OFFER.—A reward for the arrest and conviction of an offender is not apportionable; and to entitle plaintiff to recover it, he must show that he is entitled to it, as well for the detection, as for the conviction of the offender, and, if he has received compensation for such detection, as agent of the defendant, he cannot recover the reward for the arrest and conviction; nor can an offer of reward be construed to apply to cases where all the information and means essential to a conviction are in the possession of the defendant, before the prosecution was commenced by the plaintiff, the plaintiff having full knowledge thereof before causing the arrest and conviction.

APPEAL from a judgment of the Superior Court of Humboldt County.    G. W. HUNTER, Judge.

The facts are stated in the opinion.

*John W. Turner*, for Appellant.

Appellant was not a servant of defendant. (Civ. Code, secs. 2009, 2295–2304; *Week* v. *Tibfold*, 6 Roll. Abr. 6.)  The offer of reward for information was a new offer to appellant for a different kind of service, and he was not prevented from accepting it because he had received two dollars and a half for writing the

letter to the company. (*Wilson* v. *Stump,* 103 Cal. 257; 42 Am. St. Rep. 111; *Ryer* v. *Stockwell,* 14 Cal. 137; 73 Am. Dec. 634; *Anglo-Nevada etc. Corp.* v. *Nadeau,* 90 Cal. 395.) Full performance on the part of appellant entitles him to full compensation. (*Cummings* v. *Gann,* 52 Pa. St. 484; *Williams* v. *Carwardine,* 4 Barn. & Adol. 621; *Spencer* v. *Harding,* L. R. 5 Com. P. 563; *Furman* v. *Parke,* 21 N. J. L. 310; *Janvrin* v. *Exeter,* 48 N. H. 83; 2 Am. Rep. 185; *Alvord* v. *Smith,* 63 Ind. 58; *Wadsworth* v. *Allen,* 8 Gratt. 174; 56 Am. Dec. 137; *Goward* v. *Waters,* 98 Mass. 596; *Cornelson* v. *Sun Mut. Ins. Co.,* 7 La. Ann. 345.) As there are no specific statements wherein the evidence is insufficient, or wherein there is a variance, the motion for nonsuit should have been denied. (Code Civ. Proc., sec. 587; *Libbey* v. *Sherman,* 146 Ill. 540; 37 Am. St. Rep. 191; *Dikeman* v. *Norrie,* 36 Cal. 94, 103; *Tognini* v. *Kyle,* 17 Nev. 209; 45 Am. Rep. 442; *Joliet etc. Ry. Co.* v. *Velie,* 140 Ill. 59; *Coffey* v. *Greenfield,* 62 Cal. 602.) It should have been denied also because there was a conflict in the evidence, as to the fact of employment. (*Pacific Mut. Life Ins. Co.* v. *Fisher,* 109 Cal. 566.)

*L. F. Puter,* for Respondent.

Where there is a variance between the allegations and the proof, defendant is not precluded from moving for a nonsuit because he did not object to the testimony. (*Johnson* v. *Moss,* 45 Cal. 515.) After entering the employment of the company to report nuisances, and receiving reasonable compensation for his services, plaintiff cannot recover the award. (21 Am. & Eng. Ency. of Law, 42–399; 3 Md. 16; *Pool* v. *Boston,* 5 Cush. 219; *Marvin* v. *Treat,* 37 Conn. 96; 9 Am. Rep. 309; *Bagnall* v. *Barnard,* 13 N. Y. Supp. 199; 59 Hun, 151; *Thornton* v. *Missouri Pac. Ry. Co.,* 42 Mo. App. 58; *Burke* v. *Wells, Fargo & Co.,* 50 Cal. 220.)

HAYNES, C.—Action to recover a reward. The cause was tried by the court without a jury, and, at the con-

clusion of all the evidence, the defendant moved for a nonsuit, and said motion was granted, and judgment of dismissal entered against the plaintiff. This appeal is from the judgment upon the judgment-roll and bills of exception, one of which was to the refusal of the court to sustain plaintiff's motion to strike out defendant's second defense, and the other contains all the evidence given upon the trial, and specifies the granting of the nonsuit as an error of law.

The defendant is a corporation engaged in supplying the city of Eureka and its inhabitants with water, the source of its supply being Elk river. The complaint alleges that in December, 1893, the defendant, for the purpose of protecting said waters from pollution, posted notices setting out a copy of section 374 of the Penal Code, which provides a penalty for polluting, in any of the ways therein enumerated, the waters of any stream from which water is drawn for the supply of any city, and appended thereto the following: " The undersigned will therefore pay the sum of five hundred dollars ,as a reward for the arrest and conviction of any persons violating the provisions of the above section, by polluting the waters of Elk river in any manner specified therein."

The complaint further alleged: "That thereafter, to wit, on or about the second day of September, 1894, plaintiff detected and observed one Lawrence Padrick in the act of polluting the waters of Elk river by depositing therein and upon the banks of said stream fecal matter," and that he caused the arrest and conviction of Padrick therefor.

The defendant by its first defense put in issue the allegations of the complaint, and for a second defense alleged, in substance that, prior to the alleged act of pollution, the plaintiff was the duly appointed and acting agent of the defendant in detecting, observing, and reporting any and all alleged acts of polluting the waters of said river, for which he was to be paid according to the value of the work so done or the time occupied therein; that prior to the arrest of said Padrick he, as

such agent and servant, reported to defendant that he had detected said Padrick in the commission of said alleged act of pollution, and that, in pursuance of said agreement, defendant fully paid the plaintiff therefor what the same was reasonably worth.

Plaintiff's motion to strike out said second defense was properly denied for reasons that will appear in the discussion of the question presented by the exception to the nonsuit.

The grounds upon which the motion for nonsuit was based, briefly stated, are the following: 1. That Padrick did not violate section 374 of the Penal Code; 2. That plaintiff was employed by defendant for the purpose of preventing nuisances, and reporting to it any that he discovered; that he was to be compensated for such services, and had been fully paid for his services rendered in connection with the alleged nuisance committed by Padrick; and 3. That there is a variance between the pleadings and proofs, the particulars of which need not be stated, as the nonsuit should be sustained upon the second ground.

The plaintiff was engaged in getting out railroad ties in the vicinity of Elk river and some of its tributaries, and, some time before the discovery of the alleged nuisance committed by Padrick, he discovered the carcass of a calf in one of said tributaries, and informed defendant of it by letter, and was paid for his services. The defendant then requested the plaintiff to keep a lookout for anything that would pollute the water, and inform the defendant of anything he discovered. There was some conflict in the evidence as to what was said, and as to the extent or scope of the alleged agreement, or whether there was in fact an agreement upon that subject. The plaintiff testified that he said to defendant's superintendent that, if he happened to see anything in the water he would let him know, but that there was no bargain or agreement that in the future he would report and receive pay for it. He admitted he was requested by the superintendent to report, and that " he

might have said he was willing to pay for it, or something like that."

It is not material whether the plaintiff agreed that he would keep a "lookout" for acts or sources of pollution for a compensation to be paid him.   There was at least a *request* that he would do so, accompanied by an offer of compensation, and the evidence shows that thereafter plaintiff saw a dead horse in one of the streams tributary to Elk river, and informed the defendant of it, and was paid therefor, and after that he informed the defendant by letter, of the act of said Padrick, which gave rise to the present controversy.   Said letter was dated September 9th, and is as follows:

"*Ricks Water Co:*

SIR: In compliance with your request I write to inform you that there exists a nuisance in the water in Clapp Gulch.   In fact there is a person that does his business in the water quite often.   If you will come out Monday afternoon I will show you the place (also the man). . . . . If you can't come Monday write so I can meet you."

At the request of the defendant its attorney and Mr. Lord went out and met the plaintiff, and investigated the reported nuisance, and plaintiff was paid therefor two dollars and fifty cents by a check which stated upon its face that it was "for reporting nuisance."

The plaintiff had thus informed defendant of the alleged nuisance, and of the person by whom it was committed, and also that he "saw this man polluting the water."

If the plaintiff had prosecuted Padrick without informing defendant of the commission or existence of the nuisance, and after the conviction, had written the letter above quoted, informing them of its commission, he could not justly claim both the reward and the compensation for reporting the nuisance; and, if he could not do that, he could not entitle himself to the reward by an arrest and conviction after he had received compensation for detecting and reporting the act.   It would

not be claimed that if one of the officers of the defend-
ant corporation had detected Padrick in the alleged act
of pollution, and had informed the plaintiff of the fact,
and the plaintiff, upon such information, had procured
Padrick's arrest and conviction, that he would be en-
titled to the reward.    The discovery of the act of pollu-
tion, and of the evidence showing by whom the act was
perpetrated, is, therefore, necessarily included in the
"arrest and conviction"; and, as the reward cannot be
apportioned, and plaintiff having been compensated for
the discovery of the act and of the perpetrator, a recov-
ery of the reward would necessarily include services for
which he had been fully paid.    In *Pool* v. *Boston,* 5
Cush. 219, 221, the plaintiff was a watchman, and while
on duty he discovered Hollihan setting fire to a building,
and it was his duty to give notice to the mayor or some
city officer, that they might prosecute him; but he pre-
ferred to prosecute him himself with the hope of obtain-
ing the reward offered.    The court said: "But this will
not help him.    The principal object of the reward was
to obtain the detection of the offender; the conviction
was required to ascertain who was the offender.    But
to entitle the plaintiff to the reward, he must show that
he is so entitled, as well for the detection as for the con-
viction of the offender.    The reward cannot be appor-
tioned.    But he is not entitled thereto for either service.
He discovered the offender while he was on duty as a
watchman, and was bound to give notice, or to cause
him to be arrested, and he preferred the latter course;
but he could not thereby subject the defendants to a
liability to which they would not be subject if he had
given notice to one of the city officers." (See, also,
*Matter of Russell's Application,* 51. Conn. 577; 50 Am.
Rep. 55; *St. Louis etc. Ry. Co.* v. *Grafton,* 51 Ark. 504;
14 Am. St. Rep. 66.)

The offer of the reward by the defendant was not
intended and should not be construed to apply to cases
where all the information and means essential to a con-
viction were in possession of the defendant before the

prosecution was commenced by the plaintiff, the plaintiff having full knowledge thereof before he caused such arrest and conviction.

As to the essential facts, there was no conflict in the evidence, and the nonsuit was properly granted.

The judgment of dismissal should be affirmed.

SEARLS, C., and BRITT, C., concurred.

For the reasons given in the foregoing opinion the judgment of dismissal is affirmed.

HARRISON, J., VAN FLEET, J., McFARLAND, J.