**Jon H. BILLIGMEIER, et al.,
Appellants,**

v.

**HENNEPIN COUNTY, et al.,
Respondents.**

No. C4–87–848.

Court of Appeals of Minnesota.

Nov. 24, 1987.
Review Granted Jan. 28, 1988.

Kirk W. Reilly, Minneapolis, for appellants.

Thomas L. Johnson, Hennepin County Atty., Charles F. Sweetland, Asst. Co. Atty., Minneapolis, for respondents.

Heard, considered and decided by NORTON, P.J., and MULALLY and LOMMEN, JJ.*

## OPINION

NORTON, Judge.

Appellants, judgment debtors, brought this declaratory judgment action against respondents, Hennepin County and its sheriff, Don Omodt. Appellants asked the court to declare that when a sheriff levies upon property under a writ of execution to satisfy a judgment, but the parties settle before any of the levied property is sold, the sheriff's fee for "collection on execution after levy" is based on the value of property physically collected by the sheriff on execution after levy. The trial court rejected this interpretation of the govern-

ing statute and based the fee on the settlement amount received by the judgment creditor. We reverse.

## FACTS

In September 1984, judgment was entered against appellants, and a writ of execution issued to respondent Hennepin County Sheriff Don Omodt, in the amount of $600,133.21. Pursuant to the judgment creditor's instructions, the sheriff levied upon certain personal and real property owned by appellant judgment debtors. Appellants asserted that some of the levied property was exempt from execution. Respondent also served seven third-party levies on Norwest Midland Bank and other financial institutions. Appellants did not assert any statutory exemptions to the third-party levies.

The parties then executed a settlement agreement, under which appellants agreed to pay the judgment creditor $365,000. Under the terms of the agreement, the judgment creditor directed respondent to release all the levied property, and appellants assumed sole responsibility for fees charged by the sheriff for his services.

Respondent sheriff calculated his collection fee as 4% of the settlement amount, or $14,600. Respondent deducted this sum from monies levied at Norwest Midland Bank. The total value of property levied upon by respondent and not claimed as exempt was $49,671.83.

Appellants then brought this action, seeking a declaration that in the case of a settlement that occurs after levy but before an execution sale, the sheriff's fee is limited to 4% of the value of the property physically collected on execution after levy, or $1986.87. On cross-motions for summary judgment, the trial court entered judgment for respondent sheriff, finding that the fee is properly calculated as a percentage of the settlement amount received by the judgment creditor, "as the Sheriff has been prevented from conducting a sale due to the settlement." Judgment debtors appeal.

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

## ISSUE

■ When a settlement agreement terminates the execution process, how is the sheriff's fee for "collection on execution after levy" to be calculated?

## ANALYSIS

Where there are no genuine issues of material fact, the only issue on appeal from summary judgment is whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979).

The governing statute provides:

The fees to be charged and collected by the sheriff shall be as follows * * *:

* * * * * *

(3) Collection on execution after levy, five percent on the first $250 and three percent on the remainder;

Minn.Stat. § 357.09, subd. 1(3) (1986). The statute further provides that counties with a population in excess of 80,000 are exempt from the fee provisions, but that the county board in an exempt county shall set the sheriff's fees with the advice and consultation of the sheriff. *Id.*, subd. 8. In Hennepin County, the county board has set the fees on collection on execution after levy at 4%. Hennepin County Board, Resolution 81–7–631 (effective August 1, 1981).

■ In making its determination, the trial court found no Minnesota case has addressed the issue. The court therefore adopted the position expressed in four attorney general opinions, dated between 1915 and 1944. Opinions of the attorney general are not binding on the courts, but "are nevertheless entitled to careful consideration where they are of long standing and accompanied by administrative reliance thereon." *Governmental Research Bureau, Inc. v. St. Louis County*, 258 Minn. 350, 357, 104 N.W.2d 411, 416 (1960).

The 1944 opinion summarized:

where the sheriff has received an execution on a judgment for the recovery of money and has made a levy, but before the sale the judgment creditor settles directly with the judgment debtor, the sheriff is entitled to poundage on the amount realized by the judgment creditor on the settlement.

Op.Atty.Gen. 224 (Oct. 30, 1944).

The 1915 attorney general opinion expressed the policy behind the rule: "If it were otherwise the plaintiff and defendant could wait until an hour before the sale and then settle the case and thus defeat the sheriff from reaping the fruits of his official action and recover his compensation fixed by the law." Op.Atty.Gen. 148 (Jan. 30, 1915). States applying the rule included New York, Maryland, Vermont, Virginia, Connecticut, and Massachusetts, while states holding to the contrary included Michigan, Ohio, and Mississippi. *Id.;* Op. Atty.Gen. 145 (Dec. 14, 1918).

In times past, sheriffs earned their living from fees collected under the execution process. Thus, the early attorneys general were concerned with preventing sheriffs from being cheated out of their just compensation by eleventh hour settlements. Today, sheriffs earn fixed salaries. Fees collected are deposited into the local government general fund.

In an early acknowledgment of this changing policy, a Michigan case rejected the rule applied by the attorneys general, based in part on that state's statutory provisions for "specific compensation for each and every service and proceeding taken * * * in making service of the execution." *Peck v. City National Bank of Grand Rapids*, 51 Mich. 353, 359, 16 N.W. 681, 684 (1883). The Minnesota statute similarly provides sheriffs with specific fees for each step in the execution process. *See* Minn. Stat. § 357.09, subds. 1 and 2 (1986). These statutory provisions, together with the sheriff's current salaried wage, demonstrate the greatly diminished value of the reasoning applied in the attorney general opinions, the most recent of which was issued over 40 years ago.

*Peck* also discussed another purpose of statutory sheriff's fees, that of compensating the sheriff for "risk or responsibility" incurred through the execution process. There, the court found the sheriff incurred no risk or responsibility "until sale is made." *Peck*, 51 Mich. at 359, 16 N.W. at

684. Here, we conclude the sheriff incurs some risk or responsibility at each stage of the execution process. However, any such risk or responsibility is limited by the value of the property actually levied upon. The statute, which requires a fee based on a percentage of the value of the property collected on execution after levy, provides compensation that corresponds to the degree of responsibility assumed by the sheriff.

Finally, the statutory language does not support the construction given it by the trial court. The sheriff is entitled to a fee for "collection." Minn.Stat. § 357.09, subd. 1(3) (1986). The sheriff did not collect or levy upon the settlement agreement, nor is such an agreement subject to collection.

We hold the trial court erred in its application of the law. First, the historical policy of protecting a sheriff's right to "just compensation" is no longer relevant. Second, the risks associated with the execution process are limited by the value of the property actually collected. Finally, the statute bases the fee on the amount collected upon, not the amount settled upon. Respondent's statutory fee is $1986.87, or 4% of the value of the property collected by the sheriff on execution after levy.

## DECISION

The trial court erred by basing respondent's statutory fee on the settlement amount received by the judgment creditor.

Reversed.