[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANT'S CLAIM FOR EXCEPTION
On June 1, 1995, judgment in the instant case was rendered for the plaintiffs. The judgment awarded, inter alia, reasonable attorney's fees and costs. On August 5, 1997, by agreement, that sum was determined to be $18,014.31. Seeking payment, on October 1, 1997, plaintiffs encumbered defendants' real property with judgment liens. Thereafter, on October 10, 1997, the debt remained wholly unsatisfied, plaintiffs applied for and obtained a bank execution. On October 17th a deputy sheriff served the execution on Southington Savings Bank and on the 31st of October 1997, defendants objected. At the time, defendants' Southington Bank accounts had total deposits of $12,749.04. On November 3, 1997, defendants' counsel forwarded to plaintiffs' counsel, the sum of $18,014.31. These funds came from a source other than defendants' Southington Savings Bank accounts.
Plaintiffs, seeking payment of the deputy sheriff's fee for levying execution on defendants' Southington Bank accounts, in an amount which they claim is $1800.00 pursuant to the controlling General Statute § 52-261, contend that the judgment in this case remains unsatisfied in an amount equal to that fee.
Defendants deny owing any fee for the levying of the bank execution. In the alternative, however, they argue that should the sheriff be entitled to a fee, that fee would be the statutory minimum of $20.00 and no more. CT Page 8566
Defendants' initial argument is that nothing is owed the sheriff because the Application for Bank Execution was defective in that it recited the date of judgment as June 1, 1995, and not August 5, 1997.
It is clear from a review of the file, however, that judgment did enter on June 1, 1995, and that August 5, 1997, was the date on which the court accepted the dollar amount agreed upon by the parties as representing the plaintiffs' reasonable attorneys fees and costs. Interestingly while arguing that judgment didn't enter until August 5, 1997, defendants appealed the judgment of June 1, 1995. In any event, the defendants' initial argument is without merit.
Defendants' second claim is that in order for the deputy sheriff to be entitled to anything other than the $20.00 minimum fee under C.G.A. § 52-261, money would have had to have been actually collected or paid over from the accounts against which the execution was levied.
Section 52-261 of the General Statutes provides in pertinent part as follows:
 The following fees shall be allowed and paid [to an officer or person] . . . (6) for levying an execution, when the money is actually collected and paid over, or the debt secured by the officer to the acceptance of the creditor, ten percent on the amount of the execution provided the minimum fee for such execution shall be $20.00. . . .
In this case the sheriff levied an execution and the money was actually collected and paid over, albeit not from the accounts levied upon. Contrary to defendants' reading, however, the statute does not require that the money be collected and paid over from the account levied upon. Section 52-261 of the General Statutes is clear on its face. The defendants' reading adds a nonexistent additional requirement that the source of payment be considered. Certainly, after levying the execution, payment by the debtor directly to the creditor should not deprive the sheriff of his fee.
As indicated in the plaintiffs' memorandum, the court inPreston v. Bacon, 4 Conn. 471, (1823) took a contrary position, however, the applicable law at the time read ". . . for levying and CT Page 8567 collecting every execution, where the money is actually paid over . . ." Preston at 473. The present statute does not include the word "collecting" the absence of which the court interprets as indicating the intention of the legislature to entitle a sheriff to his fee when he has performed his duty although payment is made from another source.
In accord with the foregoing, the court finds that the sheriff has satisfied the requirements of C.G.A. § 52-261, having levied an execution and the money having been collected and paid over to the plaintiffs and, as a result, he is entitled to his fee of $1800.00 as provided by said statutes.
The defendants' claim for execution is denied because the judgment debt in the amount of $1800.00 representing the sheriff's fee remains unsatisfied.
WEST, J.