Force v. Gardner.

---

### WILLIAM M. FORCE v. JOHN GARDNER.

1. The presumption that a sheriff's official conduct in respect to a *fi. fa.* put into his hands, was such as required by law, will not be overcome by mere proof that the defendant in execution was the owner of real estate upon which the writ might have been levied. If it also appear tha. Jefendant's title was not of record, and there is nothing to show that he was in actual possession, or that a reasonably diligent inquiry by the sheriff would have disclosed his ownership, there is no ground to infer the negligence or default of the sheriff.
2. Nor will the presumption above mentioned be overcome by mere proof that the defendant in execution was the owner of personal property when the writ was put in the sheriff's hands. Unless it further appears that such property was within the county and subject to levy, and was either in the possession of the defendant on execution, or else so situated that a reasonably diligent inquiry by the sheriff would have disclosed his ownership, there is no ground to infer the negligence or default of the sheriff.

---

On rule to show cause why John Gardner, late sheriff of the county of Warren, should not be amerced for failure to enforce a *pluries fi. fa.* issued out of this court on a judgment against Joseph S. Cook in favor of William M. Force, and delivered to the sheriff on or soon after April 18th, 1877.

Argued at February Term, 1881, before Justices VAN SYCKEL and MAGIE.

For the plaintiff, *J. G. Shipman & Son.*

For the sheriff, *O. Jeffery.*

The opinion of the court was delivered by

MAGIE, J.   The amercement of the sheriff is urged upon this rule on two grounds—(1) because he did not return the writ as required by its terms and by law; (2) because he did not enforce it upon property of the defendant in execution liable to be levied on and sold thereunder.

The first ground need not be considered, as it has been settled not to be a cause for amercement. *Hoagland* v. *Todd,* 8 *Vroom* 544, and cases there collected.

The second ground relates to both real and personal property of the defendant in execution, which plaintiff claims the sheriff ought to have levied on and sold under the writ.

In *Stevens* v. *Deats,* 12 *Vroom* 340, this court, upon a question of amercing a sheriff, held that the general rule requiring one who bases his claim on the default of another to establish the default, is intensified in the case of a public officer, by the presumption in favor of the propriety of official conduct. Applying this doctrine to this case, I find no such proof as will require us to conclude that the sheriff was in default in respect to his duty under this writ.

The real estate which the plaintiff claims the sheriff should have levied on, consisted of an undivided interest, as tenant in common, in a tract of land in Warren county, of which Eliza Hyndshaw, about February, 1877, died seized.   This interest had been acquired by the defendant in execution, either as one of the representatives of his mother—who was a sister of Eliza Hyndshaw, and named as a devisee in her will, but had died before her—or as one of the heirs-at-law of Eliza Hyndshaw.   The persons interested in the land (including the defendant in execution) united in a power of

attorney to James B. and John S. Hyndshaw, under which the latter sold and conveyed the land to Holloway H. and John W. Cline, by deed dated April 1st and recorded April 2d, 1878. The share of the purchase money which the defendant in execution was entitled to, came into the hands of one of the Hyndshaws, and was there intercepted by receivers appointed by the Warren Circuit Court, in supplemental proceedings instituted upon judgments in that court against the same defendant. Those judgments were junior, in point of time, to that of the plaintiff in this case.

The complaint of the plaintiff is that the sheriff did not proceed under the writ against the interest of the defendant in execution in this land. There is no controversy but that such interest was subject to the lien of plaintiff's judgment, which might have been enforced on it by the writ delivered to the sheriff about April 18th, 1877. It is admitted, on the part of the sheriff, that he took no steps to enforce the execution on this land. He insists, however, that there is nothing in the case to show that he had any knowledge that the defendant in execution was one of the owners thereof, or that he was in any respect negligent in making inquiry into the property held by defendant and subject to levy.

It will be observed that the title of the defendant in execution was not acquired by a conveyance. It had fallen to him, so far as appears in the case, as a representative either of his mother or of his aunt, who had died seized of it, having by her will devised it to his mother, who died before the aunt. His interest, therefore, did not appear on the face of the records; it depended upon his relationship, through his mother, with Eliza Hyndshaw. No diligence of examination of the records would have disclosed his ownership to the sheriff. There is nothing to show that defendant in execution was in possession of the land, or that any information of his ownership, or his relationship to Eliza Hyndshaw, was conveyed to the sheriff or within his knowledge. That the defendant in execution in fact owned an interest therein, is all the evidence furnished on the subject.

Assuming as an undoubted rule that the sheriff, upon receipt of such a writ, is bound to make inquiry respecting any property of the defendant on which it may be levied, and that for a default in not inquiring, or in not levying on property which a reasonably diligent inquiry would have disclosed to be subject to levy, he would be liable to amercement, I think it cannot be maintained that he must be held liable under these circumstances. They are not sufficient to justify us in the inference that the sheriff was neglectful of his duty in connection with this writ. For aught that appears, he may have made every inquiry which could reasonably be required of him, and without success. There is nothing to overcome the presumption that he properly performed his official duty.

It is proper further to add that the evidence produced by the plaintiff respecting the instructions given by plaintiff's agent to the sheriff, at the time of the delivery of this writ, have not been thought by us to afford any indication of the sheriff's negligence, but rather the contrary. The instructions were to levy the writ upon some money of the defendant in execution in the hands of one of the Hyndshaws, and amounting to between $500 and $700. There was nothing in the instructions to show how that money had been raised, or to connect it with the land of Eliza Hyndshaw. If the instructions had disclosed (what was the fact) that the money actually came from a sale of this property, I think the sheriff would have been excused from any inquiry respecting the property so sold. The instructions as they appear were adapted to mislead the sheriff; and there is no explanation why plaintiff—whose wife was a sister of the defendant in execution, and entitled to a like share of the land, and who had joined in the execution of the power of attorney to sell it—permitted such instructions to be given. In fact, however, nothing in the instructions required the sheriff to make any further inquiry. It clearly appears that he made every effort to carry out the instructions, but without success. Had plaintiff then commenced supplemental proceedings, the money might have been reached. But he remained quiet, and allowed the junior

executions to appropriate the money. Under these circumstances, he ought not to be permitted to visit the consequences of his own laches on the sheriff, unless, by a preponderance of proof he satisfies us that the sheriff has been negligent or in default—which he has not done.

It is unnecessary, therefore, to express any opinion upon the question argued respecting the present liability of the interest of the defendant in execution in the land, to the lien of this judgment.

The personal property of the defendant in execution which plaintiff insists the sheriff should have levied on, was a library. Defendant admits that he owned it at the time the writ was put into the sheriff's hands; but there is nothing in the affidavits to show that it was then in the defendant's possession, or even that it was within the county, or that the sheriff had any knowledge, or means of knowledge, on inquiry, of the defendant's ownership of it. For aught that appears, the property may not have been within the reach of the writ, or the sheriff may have made the most searching and diligent inquiry without discovering it. There is, therefore, nothing from which we ought to infer the sheriff's negligence or default respecting this property.

The rule to show cause must therefore be discharged, with costs.