## H. C. DAVIS *vs.* COUNTY OF LE SUEUR.

### December 8, 1887.

**Sheriff—Fees.**—A sheriff or constable is entitled to mileage for travelling to serve a criminal warrant, although, if by no fault of his, he fail to serve it.

Appeal by defendant from an order of the district court for Le Sueur county, *Edson,* J., presiding, overruling a demurrer to the complaint. The facts set out in the complaint are, in substance, as follows: The plaintiff is a constable in Le Sueur county, and, as such constable, travelled 800 miles in pursuit of a criminal, for the purpose of arresting him upon a warrant issued by a justice of the peace and delivered to the plaintiff to be executed. Thereafter plaintiff duly presented a verified bill for $80, for such services, which was disallowed by the board of county commissioners.

*Cadwell & Parker,* for appellant, cited *Crocker* v. *Supervisors of Brown Co.,* 35 Wis. 284; *State* v. *Kinne,* 41 N. H. 238; *Bryan* v. *Commissioners,* 84 N. C. 105; *Ex parte Wyles,* 1 Denio, 658; *Broughton* v. *Santa Barbara,* 65 Cal. 257; *Labette Co.* v. *Franklin,* 16 Kan. 450; *Titus* v. *Commrs. of Howard Co.,* 17 Kan. 363; *Thralls* v. *Commrs. of Sumner Co.,* 24 Kan. 594; 1 Dillon, Mun. Corp. § 230.

*C. R. Davis,* for respondent.

GILFILLAN, C. J. The question is here presented, is a constable entitled to mileage at the rate of 10 cents a mile travelled by him in endeavoring to serve a warrant issued by a justice of the peace for a criminal offence, where he fails to arrest the person charged? When such a warrant is delivered to a constable for service, it is his duty to execute it, (Gen. St. 1878, c. 65, § 141, and c. 106, § 2,) and for wilful neglect or refusal to perform such duty he is guilty of a misdemeanor. Penal Code, §§ 104, 105.

The statute regulating the fees of constables does not expressly allow mileage, whether the warrant be served or not. Gen. St. 1878, c. 70, § 14. But section 42, same chapter, provides that "when a fee is allowed to one officer, the same fees shall be allowed to other officers for the performance of the same services, when such officers are by law authorized to perform such services." To sheriffs is allowed, for "travelling in making any service upon any writ or summons, 10 cents per mile, for going and returning." Section 11, chapter 70. Under section 42, a constable is entitled to like travelling fees for the same service; so that the question is whether a sheriff or constable is entitled to mileage for travelling to serve a criminal warrant when, without his fault, he fails to make the arrest. The last clause of section 11 provides: "For any services not herein enumerated which a sheriff may be required to perform he shall receive the fees herein allowed for similar services." As he is required to make diligent endeavor to serve any warrant placed in his hands, his duty is not to be measured by his success. Travelling in making such endeavors when he is unable to make service is a similar service to travelling when he succeeds, and it is just as much his duty to perform it, and when performed in good faith he is in justice as much entitled to compensation for it. This seems to have been the view of the court, though it was not directly decided, in *Thomas* v. *County of Scott*, 15 Minn. 254, (324.)

We think such services are covered by the last clause of section 11, and that the failure to arrest, when not due to any fault of the officer, does not affect the right to mileage.

Order affirmed.