627 A.2d 698

SEARS, ROEBUCK AND COMPANY, PLAINTIFF, v. EDWARD BRANEY, JR., AND ALBERTA BRANEY, DEFENDANTS.

Superior Court of New Jersey
Law Division (Civil)
Union County

Decided January 31, 1992.

*Sheldon H. Pressler,* for plaintiff (*Pressler & Pressler,* attorneys).

*Eric M. Aronowitz,* for defendant Middlesex County Sheriff (*Edward Gross,* Middlesex County counsel, attorney).

MENZA, J.S.C.

Plaintiff moves for an order to amerce the Sheriff of Middlesex County.

The question presented is whether a sheriff may charge mileage for each time he attempts service of process or whether he is entitled to only one mileage fee regardless of the number of attempts he makes to serve process.

This is a novel question which has not been decided in New Jersey.

On November 21, 1991, the plaintiff's attorney forwarded a summons and complaint to the Sheriff of Middlesex County with instructions to serve the defendant at a particular address in South Amboy, N.J. At the same time he enclosed a check in the sum of $16.84 representing Sheriff's fees of $13.00 and mileage fees of $3.84. The sheriff attempted service five times during normal business hours but was unsuccessful in serving process. The summons and complaint were then returned to plaintiff's attorney unserved. Plaintiff's attorney resubmitted the summons and complaint to the sheriff with a check for $3.84 representing an additional mileage fee and requested that the defendant be served in the evening hours. The sheriff in response, returned the mileage check of $3.84 and informed the plaintiff that he required additional monies for mileage fees for his unsuccessful attempts to serve process. The plaintiff objects to being charged additional mileage fees and moves to amerce the sheriff for his failure to perform his duties.

The authority for this motion to amerce is set forth in *N.J.S.A.* 2A:15–20, which provides:

The sheriff or other person to whom process is directed or delivered for service shall make prompt service and return thereof. In default of so doing he may in the case of original or mesne process issued in the plaintiff's application, be amerced by the court in an amount not exceeding plaintiff's demand for the use of the plaintiff.

It is the plaintiff's contention that the sheriff is only entitled to mileage if he is successful in effectuating service and not otherwise. The sheriff's position is that he is entitled to actual mileage traveled regardless of whether service of process is effectuated.

■ In the absence of a statute, a sheriff is not entitled to mileage for service of process. In *Corpus Juris Secundum*, the authors state:

Where a statute so provides, but not otherwise, a sheriff or constable is entitled to mileage for actual and necessary travel in performing his duties. 80 *C.J.S.*, Sheriffs and Constables, § 251, Mileage, at 540.

There is a split of authority as to whether a sheriff is entitled to mileage for unsuccessful attempts at service.

In a majority of jurisdictions a sheriff is not entitled to, as a matter of right, and cannot recover, mileage for travel in attempting to serve process ... which was not actually or lawfully served ... and even though he ultimately served the process ... he cannot charge mileage for previous unsuccessful attempts.

•       •       •       •       •       •       •

In other jurisdictions a sheriff or constable is entitled to mileage for travel in an unsuccessful attempt to perform his duty, at least where the failure was not due to his fault. 80 *C.J.S.*, Sheriffs and Constables, § 251, Mileage at 541–542.

The pertinent New Jersey statutes are as follows:

*N.J.S.A.* 22A:4–8 *Fees & Mileage of Sheriffs and Other Officers:*

For the services hereinafter enumerated sheriffs and other officers shall receive the following fees:

In addition to the mileage allowed by law, for serving every summons and complaint, ... the sheriff or other officer serving such process shall, for the first defendant or party on which such process is served, be allowed, $12.00 ...

*For serving or executing* any process or papers where mileage is allowed by law, the officer *shall receive mileage actually traveled to and from the courthouse,* at the rate per mile of $0.16. (emphasis added).

*N.J.S.A.* 22A:4–11, *Mileage of sheriffs, constables and other officers for services of compulsory process:*

Sheriffs, constables and other authorized officers shall receive mileage for every mile *actually traveled in serving and executing* any bench warrant, State warrant,

capias ad testificandum or other compulsory process issued by any court of this State. (emphasis added).

*N.J.S.A.* 22A:4–19, *Collection of Fees in Advance; deposits, Accounts*

Surrogates, registers of deeds and mortgages, county clerks, clerks of courts, sheriffs and the Secretary of State, for their own protection, may exact in advance of a service the fees and costs therefor.

For convenience, such officers may receive reasonable deposits in advance to meet the fees and costs of persons who may desire such services, except that sheriffs, the Clerk of the Superior Court and the clerks of the County and county district courts shall be required so to do.

The federal statute, by its clear language, allows for mileage expenses even if service is not effectuated. The statute states:

For necessary travel in serving or endeavoring to serve any process, writ or order, 12 cents per mile, or fraction thereof, to be computed from the place where service is returnable to the place of service or endeavor. 28 *U.S.C.A.* § 1921 (1986).

The New Jersey statute, unlike the federal statute, does not use the word "endeavor" and the question then is whether the words "for serving or executing any process" encompasses an endeavor to serve. This question has not been decided by the courts of this state and a review of the legislative history demonstrates that it has not specifically been addressed by the Legislature.

A comparison of the statute dealing with service of compulsory process with the statute dealing with the service of other process, is helpful in interpreting the meaning of the phrase, "for serving or executing any process."

The language of the compulsory process statute (*N.J.S.A.* 22A:4–11), specifically states that a sheriff is entitled to mileage "in serving *and* executing" process. The conjunctive "and" used between the word "serving" and the word "executing" strongly suggests that mileage expenses are to be awarded only where service has been actually effectuated. On the other hand the wording of the statute dealing with service of summonses (*N.J.S.A.* 22A:4–8), states that mileage fees are to be awarded to the sheriff "for serving *or* executing" process. The word "serving" and the word "executing" are used in the disjunctive rather than the conjunctive as is the case with the statute dealing with

service of compulsory process. The clear indication, therefore, is that the sheriff is entitled to mileage fees even when process has not in fact been executed.

■ Further, the other language in the statute, that the sheriff "shall receive mileage actually traveled," is in this court's opinion, a clear and unambiguous mandate that a sheriff is to receive mileage for every mile traveled regardless of his success. It is language which is simply not subject to interpretation. If the Legislature had intended otherwise it could have easily said so by simply adding a phrase such as "if served." Thus, the language of the statute clearly demonstrates that the sheriff is entitled to mileage expenses incurred in the process of "serving" a summons, regardless of whether the summons is actually served. Any other interpretation makes little sense. For example, plaintiff's interpretation that a sheriff is only entitled to mileage if service is successful would mean that even the initial mileage fee ($3.84) would have to be returned to the plaintiff in the event service was not effectuated by the sheriff, thus providing him with no mileage at all for his efforts. It would seem that when the Legislature carefully calculated the exact mileage a sheriff is entitled to charge, it did so in order to insure that the sheriff would be reimbursed for the mileage expenses incurred in serving process. It makes little sense, therefore, to interpret the statute in a way as to make it meaningless by imposing upon the sheriff the burden of the additional mileage expenses where he has made a good faith, although fruitless, attempt at service.

The few cases, admittedly very old ones, that this court has located, which have addressed this issue, reaffirm this court's conclusion.

In the case of *Davis v. Board of County Com'rs. of LeSueur Co.,* 35 *N.W.* 364, 37 *Minn.* 491 (1887), the Supreme Court of Minnesota held that a sheriff is entitled to mileage expenses for travel in serving a criminal warrant, even though through no fault of his own, he fails to serve it. The Court stated:

As he is required to make diligent endeavor to serve any warrant placed in his hands, his duty is not to be measured by his success. Traveling in making such endeavors when he is unable to make service is a similar service to traveling performed in good faith he is in justice as much entitled to compensation for it. 35 N.W. at 365.

In the case of *L.S. Schrope v. the County of Northhampton*, 3 *Lanc.L.Review* 123 (1886), the court was asked to interpret a statute which stated that the sheriff was entitled to mileage for "executing a warrant on behalf of the commonwealth." The court interpreted the statute to mean that mileage expenses could only be paid if the warrant was actually executed by him even though the sheriff's efforts were made in good faith. The court said:

A second question raised by the case stated is whether he is entitled to mileage for these trips. We are left to infer from certain facts, given that the trips were made in good faith, and in this respect the case stated would be defective, if as supposed this is material. . . But in my opinion it is wholly immaterial whether the trips were made in good faith or not. The fee bill allows a certain compensation *"for executing a warrant on behalf of the Commonwealth."* It also allows for "traveling expenses," by which is undoubtedly meant traveling expenses incurred in "executing" the warrants. The fee bill, however, makes no allowance for preliminary searches. (at 124). (emphasis added).

And in the case of *Washoe Cty. v. Humboldt Cty.*, 14 *Nev.* 123 (1879), the Court, interpreting a statute which allowed the sheriff to collect mileage "whether the jurors named in the venire be found or not" held that the sheriff "was entitled to his fees 'for miles actually traveled in attempting to find and serve jurors'," whether or not they were actually served. (at 130–131).

This court is, of course, aware of the fact that sheriff's officers who are responsible for service of process perform their duties primarily during normal business hours, a period of time when many people are away from their homes. Oftentimes service cannot be effectuated during these hours because the persons who are to receive process are themselves out on business. But it would seem to this Court, based upon what this Court believes is the intent of the statute as well as general concepts of fairness to the judicial system, that it is the obligation of the person requesting service to advise the sheriff of the suggested time when service may be made. In other words, the person requesting

436

service should rightfully bear the burden of unsuccessful service, not the taxpayers.

Motion denied.