627 A.2d 662

SEARS, ROEBUCK AND CO., PLAINTIFF–APPELLANT,
v. EDWARD BRANEY, JR. AND ALBERTA BRANEY,
DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued April 26, 1993—Decided May 24, 1993.

Before Judges J.H. COLEMAN, A.M. STEIN and CONLEY.

*Steven P. McCabe* argued the cause for appellant (*Pressler and Pressler,* attorneys; Mr. McCabe on the brief).

*Laura C. Tharney* argued the cause for respondent (*Edward Gross,* Middlesex County Counsel, attorney; *Ms. Tharney* on the brief).

The opinion of the court was delivered by

CONLEY, J.A.D.

The critical issue raised in this appeal is whether a sheriff may charge mileage for unsuccessful attempts to serve process. We affirm Judge Menza's conclusion that such mileage charges are authorized by *N.J.S.A.* 22A:4–8 and –11 for the reasons set forth in his written opinion reported at 265 *N.J.Super.* 430, 627 *A.*2d 698 (Law Div.1993). We also concur that a person requesting service should advise the sheriff of suggested times that service may be accomplished when that person is aware that the normal manner of service may not be effective. If additional attempts to serve process are required as a result of the plaintiff's

failure to so advise the sheriff, additional mileage costs would be properly imposed and amercement would not be appropriate. *Cf. Vitale v. Hotel California, Inc.*, 184 *N.J.Super.* 512, 519–20, 446 *A.*2d 880 (Law Div.), *aff'd o.b.*, 187 *N.J.Super.* 464, 455 *A.*2d 508 (App.Div.1982). On the other hand, if a plaintiff does advise the sheriff of specific times of service and the sheriff does not follow "positive, reasonable, lawful directions," amercement may be imposed. *See Kemble v. Harris*, 36 *N.J.L.* 526, 530 (E. & A.1873). Under the particular circumstances here, we disagree that additional mileage needed to effectuate service should have been charged and, to that extent, amerce the sheriff pursuant to *N.J.S.A.* 2A:15–20.

*N.J.S.A.* 2A:15–20 provides:

> The sheriff or other person to whom process is directed or delivered for service shall make prompt service and return thereof. In default of so doing he may, in the case of original or mesne process issued in the plaintiff's application, be amerced by the court in an amount not exceeding plaintiff's demand, for the use of the plaintiff.

Amercement is "[a] money penalty in the nature of a fine imposed upon an officer for some misconduct or neglect of duty." *Black's Law Dictionary* 81 (6th ed. 1990). The term has traditionally been ascribed to fines imposed on officers of the court for failing or neglecting to perform statutory functions such as levies and executions. *Vitale*, 184 *N.J.Super.* at 526, 446 *A.*2d 880. As a public officer, a sheriff is presumed to have acted properly, and a plaintiff seeking the remedy of amercement must clearly establish some default or neglect of duty. *Force v. Gardner*, 43 *N.J.L.* 417, 421 (Sup.Ct.1881); *Stevens v. Deats*, 41 *N.J.L.* 340, 341–42 (Sup. Ct.1879). *See Vitale*, 184 *N.J.Super.* at 527, 446 *A.*2d 880.

In *Vitale*, plaintiff requested the sheriff to levy on monies and personal property of his judgment debtor at a bar owned by the judgment debtor. Initially the levy was returned unsatisfied because the bar was only open late in the evening from 10 p.m. to 2 a.m. The plaintiff prevailed upon the sheriff to attempt a levy during late weekend hours; but when this attempt was thwarted by the bar's bouncers who denied the levying officer access, the

levy was again returned unsatisfied. The sheriff could have arrested anyone interfering with the levy pursuant to *N.J.S.A.* 2C:29-1, but he refused to attempt another levy without a court order. After obtaining such an order, the sheriff made one levy, but was able to seize only a small amount of money. He refused plaintiff's requests to make successive levies until the judgment was satisfied. Although noting that a "sheriff is not liable to amercement until he shall have disobeyed positive, reasonable, lawful directions," *Kemble,* 36 *N.J.L.* at 530, plaintiff's instructions were considered reasonable and lawful. The failure to adhere to them constituted a neglect or default of the statutory obligation to levy on judgments. *Vitale,* 184 *N.J.Super.* at 529, 446 *A.*2d 880. The sheriff was amerced.

We need not engage in a lengthy consideration of what type of conduct would constitute a default or neglect of duty warranting the remedy of amercement. *See Hoagland v. Todd and Rafferty,* 37 *N.J.L.* 544, 547–48 (E. & A. 1875) ("[I]t is not every failure to perform his duty ... that will constitute [amercement]. If the officer should fail from carelessness or oversight, to levy upon, or to sell, a few articles of small value, it would be absurd to say that such omission is the misconduct at which the penalty of the act is aimed. And on the other hand, it would be equally irrational to maintain, that the levying upon, or sale, of a few articles out of many, would be such a compliance with his duty as would exempt him from such penalty. The true ground is that lying between these extremes. If the neglect of the officer has been such as to deprive the party complaining of the substantial benefit to which he was entitled and which, but for such neglect, he would have obtained by means of his execution, then, within the statutory sense, there has been a neglect to execute the writ.... [T]he materiality of the neglect must be passed upon as the cases arise."). And *see Vitale,* 184 *N.J.Super.* at 528–29, 446 *A.*2d 880 (collecting cases applying amercement and cases rejecting the remedy).

■ The critical focus of this appeal is the manner in which service was attempted. The sheriff is "an agent of the law" whose duties are defined by statute. *Ritter v. Castellini*, 173 *N.J.Super.* 509, 513, 414 *A.*2d 614 (Law.Div.1980). In serving process pursuant to *N.J.S.A.* 2A:15–20, the sheriff must make "prompt" service. Compliance with this statutory obligation requires the manner of service to be such as to reasonably accomplish "prompt" service. This entails the exercise of reasonable diligence. *See White v. Rockafellar*, 45 *N.J.L.* 299, 300 (Sup.Ct.1883).

We are reluctant to engage in a discussion of what manner of service would be consistent with this statutory duty. Such determinations are best left to the sheriff's sound discretion. And, indeed, the affidavit submitted on behalf of the Middlesex County Sheriff's Department in this case reflects a policy of service fully consistent with the concept of reasonable diligence. According to the affidavit, the normal policy is to attempt service five times before returning the process. One attempt is made in the morning, one attempt in the afternoon, one attempt at night and two other attempts at varied times. This policy is reasonably designed to effectuate service even when, as frequently is the case, all household members related to the individual to be served may work during the day.

Our difficulty in this case does not stem from the sheriff's policy governing the manner of service. Simply stated, the difficulty we have is that the policy was not followed here. Five attempts were made. But they were all during the day between 10:00 a.m. and 3:00 p.m. After two attempts, it should have been apparent that three more during the same times were doomed to fail. We consider the failure to follow the sheriff's own policy equivalent to the failure to follow a plaintiff's reasonable instructions. *See Kemble*, 36 *N.J.L.* at 530. As a result of the deviation from the sheriff's own policy, "prompt" service could not be made. There is, moreover, nothing to suggest that plaintiff, at the time it requested service, was aware of any particular difficulties attendant to the availability of the person to be served.

Affirmed in part, and reversed in part and remanded to the trial judge for entry of an order amercing the sheriff for any additional mileage charges plaintiff may have incurred to effectuate service.