779 A.2d 476

FCC NATIONAL BANK; FIRST CARD; MATAWAN ABERDEEN CHIROPRACTIC CENTER; WILLIAM A. MOSKOWITZ, DDS; SEARS, ROEBUCK AND CO; STATE OF NEW JERSEY DIVISION OF MOTOR VEHICLES–SURCHARGE, PLAINTIFFS, v. SHERIFF MONMOUTH COUNTY, DEFENDANT.

Superior Court of New Jersey
Law Division Monmouth County

Argued September 12, 2001—Decided May 4, 2001.

*Pressler and Pressler* appearing for plaintiffs (*Steven McCabe and Lawrence J. McDermot, Jr.,* attorneys).

Law Offices of *Malcolm V. Carton.* Esq. appearing for defendant. (*Fredrick P. Neimann,* attorney).

MICHELETTI, J.S.C.

## A.

This matter arises from a dispute between the plaintiffs, FCC National Bank, First Card, Matawan Aberdeen Chiropractic Center, William Moskowitz, DDS, Sears Roebuck and Co., State of New Jersey Division of Motor Vehicles–Surcharge and the defendant Sheriff of Monmouth County. All plaintiffs are judgment creditors utilizing the Sheriff of Monmouth County to serve writs of execution.

Specifically at issue in this case is the extent of a Sheriff's fee under *N.J.S.A.* 22A:4–8, entitled "Fees and mileage of sheriffs and other officers." The portion of that statute relevant to this case, found in the sixth paragraph provides:

> [f]or the services hereinafter enumerated, Sheriffs and other Officers shall receive the following fees … [s]erving every execution against goods or lands and making inventory, and return, in addition to mileage, $35.00.

Plaintiffs filed suit against the Sheriff of Monmouth County under docket number MON–L–5441–97 alleging that they are entitled to amercement from the Sheriff of Monmouth County for his failure to complete his duties in serving writs of execution, and for overcharging when serving writs of execution. Here, plaintiffs

assert that in each individual case, the Sheriff demanded more than one $35.00 fee for "serving every execution," which they argue is contrary to the plain language of the statute as set forth above. Plaintiffs contest the Sheriff's assertion of entitlement to an additional $35.00 fee when more than one trip is required to execute a levy pursuant to a writ of execution. Plaintiffs essentially argue that the $35.00 fee on each writ of execution is a one-time fee, emphasizing that the statute provides a fee for "serving *every* execution." Plaintiffs note that the request for ·additional fees has been the practice of the Sheriff of Monmouth County since 1997.

Plaintiffs brought the instant matter before this court as a motion for summary judgment, on the issue of liability only, alleging that defendant's practice of requiring additional $35.00 fees on the same writ of execution is not permitted under *N.J.S.A.* 22A:4–8, as stated above. Plaintiffs argue that the statute in question should be strictly construed, and it is their view that the plain language is clear, in that the $35.00 fee contemplated cannot be earned until the service of the writ is complete, i.e., serving the execution, making inventory, and return. Plaintiffs further argue that the word "execution" under the statute refers to the actual writ, or documents, issued by the Clerk of the Court and is not descriptive of the actions taken by the Sheriff.

Moreover, plaintiffs argue that their interpretation of the statute is consistent with the practices of the remaining Sheriff's Offices in the State. Plaintiffs assert that Monmouth County is the only county in New Jersey engaging in the collection of more than one $35.00 fee on the same writ of execution. Consequently, plaintiffs note that upon a finding of liability, they will be entitled to amercement damages.

Defendant states that it is entitled to collect its statutory fee for each service of a writ of execution. Defendant defines "service" as the delivery of legal notice to the recipient of the notice. Defendant contends that delivering multiple writs is to place multiple person(s) on "notice" and therefore concludes that multiple

charges may be assessed. (citing *Corpus Juris Secundum* ). Defendant argues that there is a distinction between the *service* of a writ and the *levy* of the writ, as exemplified by an Illinois case, *Lahr v. Ulmer*, 27 Ind.App. 107, 60 N.E. 1009 (1901).

Defendant ultimately contends that each act of service of the writ upon the location directed by the issuing judgment creditor implicates a "service fee." Defendant argues that otherwise, a Sheriff would be subject to a potentially limitless series of service attempts that would advance the interests of the creditor to the detriment of the taxpaying public.

Defendant also asserts that the interpretation of *N.J.S.A.* 22A:4–8 by other counties is not determinative and should not be considered as evidence thereof.

## B.

As stated above, this is a motion for summary judgment. In *Brill v. Guardian Life Insurance Co.*, the New Jersey Supreme Court held that a trial court must look to whether the evidence presents a sufficient disagreement as to a material fact to require submission to a jury. 142 *N.J.* 520, 666 *A.2d* 146 (1995). Further, "when the evidence is so one-sided that one party must prevail as a matter of law ... the trial court should not hesitate to grant summary judgment." *Id.*

There is no genuine dispute as to the factual circumstances of this case. Here, the basic facts are that each of the six (6) plaintiffs obtained a judgment, or judgments, on an underlying case, and sought to have the Sheriff of Monmouth County execute those judgments pursuant to a writ of execution. Plaintiffs assert, and defendants do not dispute, that in each case, the sheriff demanded an additional $35.00 fee on the same writ of execution when asked to go out additional times to either the same or a different location. Thus the sole issue in this case is whether the defendant may collect more than one $35.00 fee for serving the same writ of execution more than once to the same location or serving the same writ to different locations.

The arguments of the parties in this case deal with the construction of *N.J.S.A.* 22A:4–8, and thus require interpretation of this statute by the court. The court is required, in order to resolve the issues raised herein, to construe the statute in conjunction with the facts as set forth by the parties in this case.

Therefore, the narrow, and rather specific, issues before the court, based upon the facts in this case, are whether the Sheriff of Monmouth County is entitled to require an additional fee for serving an execution when:

(1) he is requested to revisit the *same* location on the same writ when the first attempt at service was not successful due to either refusal of entry, or no answer;

(2) he is requested to levy a second time on the same writ at a *different* location when the levy at the first location was not successful due to incorrect or change of address,

(3) he is requested to levy a second time at the *same* location on the same writ when additional monies or items are discovered, and

(4) he is requested to levy at *multiple* locations on the same writ.

With these issues in mind, the court now turns to the language of the statute and its meaning.

## C.

Statutes are to be construed "in accordance with their plain meaning." *Fisch v. Bellshot,* 135 *N.J.* 374, 383, 640 *A.*2d 801 (1994). A court has a "fundamental duty ... to effectuate the intent of the Legislature considering the language used and the objectives sought to be achieved." *Fair Lawn Retired Policemen v. Borough of Fair Lawn,* 299 *N.J.Super.* 600, 605, 691 *A.*2d 859 (App.Div.1997)(citing *Merin v. Maglaki,* 126 *N.J.* 430, 435, 599 *A.*2d 1256 (1992)). In addition, "[l]legislative policy, related legislation, legislative history and 'common sense of the situation' may be considered to resolve ambiguity." *Id.* (quoting *MCG Associates v. Department of Environmental Protection,* 278 *N.J.Super.* 108, 119–20, 650 *A.*2d 797 (App.Div.1994)).

However, "in the absence of an explicit indication of special meaning, words will be given their ordinary and well-understood meaning." *Service Armament Co. v. Hyland,* 70 *N.J.* 550, 556,

362 *A.*2d 13 (1976)(citing *Safeway Trails, Inc. v. Furman,* 41 *N.J.* 467, 487, 197 *A.*2d 366, *cert. den.,* 379 *U.S.* 14, 85 *S.Ct.* 144, 13 *L.Ed.*2d 84 (1964)).

In this case, review of the legislative history of *N.J.S.A.* 22A:4–8 did not reveal any articulated, specific legislative intent as to the words and phrases utilized in the statute, i.e., "[s]erving of every execution, making inventory, and return." The court notes that research of this statute is somewhat cumbersome and not very enlightening. This is likely a result of the fact that the statute at issue here, *N.J.S.A.* 22A:4–8, is, in effect, a laundry list of services conducted by a Sheriff and the fees allowable for those services. The statutory phrases at issue in this case are some of many set forth in the statute. By way of example, other services enumerated under the statute include, *inter alia,* "serving summons and complaint in matrimonial actions . . .," "returning every writ . . .," and "executing every writ of possession and return, . . .," allowing a sheriff to collect $12.00, $1.00, and $35.00, respectively. The nature of this statute makes it difficult to find any specific legislative intent as to the phrase in question here, other than the obvious intent or objective discernable from the plain meaning of the language of the statute, which is to provide a set fee to a Sheriff for services he or she provides.

In fact, research of *N.J.S.A.* 22A:4–8, and the specific phrase in question, has only revealed that the language found in the statute today, "[s]erving every execution against goods or land, making an inventory and return . . .," has remained the same since at least 1877. *See Revision of New Jersey* at 4 (1877). Indeed, the only changes made to the statute over the years have been increases in the monetary fee amount. In 1877, the fee permitted was $1.00. *See id.* By 1948, this increased to $7.50, *see New Jersey Session Law Service,* 172nd Legislature, at 654 (1948), by 1968, it increased to $25.00, *see New Jersey Session Laws Service,* 192nd Legislature at 546 (1968), and by 1979, it increased to $35.00. *See New Jersey Session Law Service,* 198th Legislature, at 720 (1979).

However, these legislative changes to the statutory fee do not address any special meaning as to the disputed language in this case. As there is no "explicit indication of special meaning" attributable to the disputed language in this case, the court must construe the language of the statute in accordance with its plain meaning.

Moreover, in construing this statute, the court recognizes that "the right of a sheriff to compensation for his services is derived from the statute and must be strictly construed." *See International Brotherhood of Elec. Workers v. Gillen*, 174 *N.J.Super.* 326, 328, 416 *A.*2d 446 (App.Div.1980).

### D.

Here, while a sheriff may collect multiple mileage in connection with multiple trips to effect service, *see Sears, Roebuck and Co. v. Braney*, 265 *N.J.Super.* 362, 363–64, 627 *A.*2d 662 (1993), it is clear from the plain meaning of the statutory language that only one service fee of $35.00 is permitted for each execution, upon which a Sheriff serves, makes inventory, and returns. The language plainly reveals that the fee contemplated under this portion of the statute attaches when the Sheriff satisfies three prongs. He must (1) effect the "serving" of an execution; (2) make an inventory; and (3) return. To understand whether the Sheriff of Monmouth County satisfied these prongs here, upon the facts set forth herein, we must look at the words of the statute and define them.

To begin with, the word "execution" is defined as "[a] writ or process for the enforcement of a judgment." *See Ballentine's Law Dictionary*, 433 (3rd Edition 1969). The term "service" means "the serving of a process or writ upon a person." *Webster's Unabridged Dictionary*, 1750 (2nd Edition 1997). "Inventory," is defined as "[a] detailed list of articles of property." *See Black's Law Dictionary*, 824 (6th Edition 1990). As for a "return," that term is defined as "[t]he act of a sheriff . . . in delivering back to the court a writ, notice, process or other paper, which he was

required to serve or execute, with a brief account of his doings under the mandate, the time and mode of service or execution, or his failure to accomplish it, as the case may be." *See Black's Law Dictionary,* 1318 (6th Edition 1990).

The key words disputed here are "serving every execution." *Ballentine's Law Dictionary* actually defines the phrase "service of execution," which means "[e]very act and proceeding necessary to be taken by the sheriff or execution officer to make the money required for satisfaction of the judgment and execution, including a sale of the property where necessary." *See Ballentine's Law Dictionary,* 1164 (3rd Edition 1969)(citing *Fallows v. Continental & Commercial Trust Savings Bank,* 235 *U.S.* 300, 307, 35 *S.Ct.* 29, 59 *L.Ed.* 238 (1914)(citing *Peck v. City Nat. Bank,* 51 *Mich.* 353, 16 *N.W.* 681 (1883))). This definition would include the completion of every act necessary to satisfy the writ of execution, whether that be the necessity of more than one levy, or serving the writ at more than one location.

For such a performance, a sheriff is entitled to a "service fee," which is "[t]he fee to which a sheriff, constable, or other officer of the law is entitled for service notice [sic], summons, or other process or paper." *Id.* When a sheriff has completed every act included in the phrase for service of an execution, he is entitled to a service fee, and not until then.

■ In this case, the Sheriff of Monmouth County has charged multiple fees when more than one trip was required to levy pursuant to a writ of execution. In fact, since 1997 it has been the policy of the Monmouth County Sheriff to charge $36.00 (this already includes the $1.00 fee for return of the writ) plus mileage for the first service; $35.00 for each successive levy to the same location; and $35.00 plus mileage for any service of the same writ to an additional location.

In light of these facts, and the construction of the plain language of the statute as set forth above, the court will now turn to claims of the individual plaintiffs herein.

The Sheriff required an additional $35.00 fee from the plaintiffs in *FCC v. Ismail, First Card v. Tsarouhis, Chiropractic v. Walla,* and *Sears v. Grant* when plaintiffs requested that he return to the *same* location a second time, because of either a refusal of entry or the fact that no one was home. There could be no initial inventory of goods if the Sheriff was unable to access the property. The Sheriff was not justified in requiring a second $35.00 fee for his additional trip in these cases. In accordance with the language and plain meaning of the terms in the statute, the fact that multiple trips were required to levy pursuant to one writ of execution does not warrant multiple service fees.

The Sheriff also required an additional $35.00 fee from the plaintiffs in *FCC v. Curtis, Moskowitz v. Caruso,* and *Sears v. Furey* because they requested service of the *same* writ at a *different* location when the first attempt at levy was unsuccessful due to an incorrect, or change of, address. If the first levy is unsuccessful, the three statutory requirements are not met, since there could not be an inventory of any goods. The requirement of an additional fee in these cases was not justified, nor is it permitted, under the statute.

As to those cases, *First Card v. Warren* and *DMV v. Stites,* where the plaintiffs requested that the Sheriff return to the same location when additional monies or property were discovered, the Sheriff is not entitled to a $35.00 fee. These cases do not indicate that the sheriff made a return of the writ of execution. As such, the Sheriff in these cases did not complete all three prongs in the statute required as a prerequisite for his initial fee. Again, the Sheriff could not require an additional $35.00 fee.

Lastly, in *Sears v. Farro,* plaintiff requested that the Sheriff serve a writ of execution to multiple locations, specifically, 10 parcels of land in 4 municipalities. The Sheriff refused service until plaintiff paid additional $35.00 fees for each multiple location. As the sheriff did not even attempt to serve the writ of execution in that case, no part of the statutory requirements were satisfied. There can only be one return of the same writ, thus implicating

only one fee. Moreover, the first prong of the statutory require-
ments plainly provides a $35.00 fee for "serving *every* execution."
For every execution, and upon satisfying the three statutory
prongs, a sheriff may collect a $35.00 fee. Whether these execu-
tions entail service on more than one location, is irrelevant to the
fee that a sheriff can collect. The one fee attaches whether or not
more than one location is listed on each and every execution. As a
result, the Sheriff was again incorrect in asserting his entitlement
to additional service fees in that case.

In all of the cases set forth above, the additional trips requested
of the Sheriff were merely attempts at "serving every execution"
for which no fee is implicated under the statute. While the sheriff
here may receive additional sums in mileage for his unsuccessful
or multiple attempts in serving writs of execution, *see Sears,
Roebuck and Co. v. Braney,* 265 *N.J.Super.* 362, 363–64, 627 *A.*2d
662 (1993), it is clear from the plain meaning of the language of
the statute that only one service fee of $35.00 is permitted on the
same writ of execution. In the cases above, the Sheriff required a
fee for attempting to "serve every execution," "make inventory,"
and "return."

From at least 1953, the date of the modern version of the
statute, to 1997, the Sheriff of Monmouth County interpreted the
statute to imply that only one $35.00 fee for serving writs of
execution was allowed. "[T]he principle is well established by a
wealth of authority that resort may be had to long usage, contem-
poraneous construction and practical interpretation in construing
statutes, to ascertain the meaning of technical terms, to confirm a
construction deduced from the language, to explain a doubtful
phrase or where the meaning is obscuredly expressed." *Service
Armament Co. v. Hyland,* 70 *N.J.* 550, 561, 362 *A.*2d 13 (1976)
(citing *State Department of Civil Service v. Clark,* 15 *N.J.* 334,
341, 104 *A.*2d 685 (1954)(Wachenfeld, J.)). *See also Last Chance
Development Partnership v. Kean,* 119 *N.J.* 425, 434, 575 *A.*2d 427
(1990)(wherein the court held that "an agency's construction of a
statute over a period of years without legislative interference will

generally be granted great weight as evidence of its conformity with the legislative intent").

The construction of *N.J.S.A.* 22A:4–8 by the Monmouth County Sheriff prior to 1997 is therefore persuasive as to the Statute's intended meaning. The papers submitted to this court indicate that it was not until 1997 that the Sheriff began to collect more than one fee for additional attempts at service at the *same* or *different* locations.

In addition, upon inquiry into the fee collection practices of the remaining Sheriff's Offices in the State with regard to the statute in question, and taking judicial notice thereof, this court has determined as a fact that the overwhelming majority of Sheriffs in the State do not collect, or have collected, more than one $35.00 fee for serving one writ of execution.[1]

It is therefore clear that the overwhelming majority of Sheriffs in the State, including the Sheriff of Monmouth County prior to 1997 and the Sheriff of Ocean County until sometime recently, construed the statute to mean that only one $35.00 fee was permissible on the same writ of execution. This long-standing interpretation of the statute is to be afforded great weight, *see Last Chance* at 434, 575 A.2d 427, and confirms this court's interpretation of the statute, and conclusion, that the Sheriff may collect only one $35.00 fee on the same writ. *Service Armament Co.* at 561, 362 A.2d 13; *N.J.S.A.* 22A:4–8. Any change in the fee schedule is a function of the legislators and not each County Sheriff.

---

[1] The Ocean County Sheriff has stated that it collects an additional $35.00 when it is required to serve a writ of execution to a different location. The Ocean County Sheriff has indicated that this has been his practice for a couple of years. With the exclusion of the Sheriffs of Monmouth and Ocean County, the remaining 19 Sheriffs charge $36.00 (representing $35.00 and $1.00 for the return of the writ) plus mileage. These 19 Sheriffs have indicated that additional service at the same or different locations warrants only additional mileage costs.

Accordingly, summary judgment on behalf of plaintiffs on the issue of liability only is hereby GRANTED.

## E.

Plaintiffs make reference to the fact that they are entitled to an amercement penalty in the amount of $30.00 under *N.J.S.A.* 22A:4–8 for improper charges made by the Sheriff. However, the court here has only decided the issue of liability. Proper proofs must be submitted demonstrating the additional charges actually incurred by the plaintiffs before amercement damages will apply.