**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0386-24

JOHN D'ANGELO, individually
and derivatively on behalf of
CSDM TRANSPORT, a New
Jersey Limited Liability Company,

     Plaintiff-Appellant,

v.

DIESEL ED, a New Jersey Limited
Liability Company, and EDWARD
ROACH,

     Defendants,

and

MIDDLESEX COUNTY SHERIFF,

     Defendant-Respondent.

_____

Submitted January 14, 2026 – Decided March 25, 2026

Before Judges Currier and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. L-2545-24.

Markenstein Law, LLC, attorney for appellant (Susan M. Markenstein, of counsel and on the brief).

Convery, Convery & Shihar, PC, attorneys for respondent (Clark W. Convery, of counsel and on the brief).

PER CURIAM

After plaintiff, John D'Angelo's Mack Dump Truck experienced total engine failure, he contacted defendants Edward Roach and his company Diesel Ed, LLC to diagnose the issue and repair the engine. Two months passed and the repairs had not been completed. When plaintiff arrived at the yard to retrieve the truck, defendants refused to release it. Plaintiff sought judicial intervention and obtained a writ of possession for the truck and all of its parts. Defendants were uncooperative when defendant Middlesex County Sheriff's Office (MCS) attempted to execute the writ.

Further motion practice ensued and when the truck was still not returned, plaintiff amended the complaint to assert a claim for amercement against MCS. The court granted MCS summary judgment on August 26, 2024. After careful review, we conclude the trial court correctly found MCS did not fail to perform its duty regarding the execution of the writ of possession and subsequent orders. Therefore, plaintiff was not entitled to amercement. We affirm.

A-0386-24

We add a few details for the reader's context leading to this litigation. After the truck was towed to defendants' repair yard in Monmouth Junction, defendants advised plaintiff the truck needed a complete engine rebuild. The parties negotiated the cost of the project and plaintiff requested an itemized invoice/estimate. That was never provided. Several weeks later, according to plaintiff, he learned defendants were not doing the rebuild themselves and Roach advised him the "engine was in the possession of someone located in Millstone, Monmouth County." Plaintiff stated defendants refused to disclose the precise location of the engine or the name of the entity or person who was performing the work, but admitted the repairs were not complete. Thereafter, plaintiff instructed defendants to stop working on the truck and to disclose its location so plaintiff could have the repairs finished by another mechanic. Defendants refused to disclose any information.

When plaintiff arrived at defendants' yard, they found a forklift parked in front of their truck, preventing its removal from the premises. The truck was gutted of its engine. When they returned to the yard a second time and encountered the same circumstances, they called the police. When the officer asked Roach to move the forklift, Roach stated it was dead and would need to be repaired before it could be moved.

A-0386-24

Plaintiff filed a verified complaint and order to show cause "seeking immediate injunctive relief ordering [d]efendant[s] to return the truck, disclose the whereabouts of the engine and return the engine, and preventing [defendants] from asserting a garage keeper's lien on the truck." On the return date of the order to show cause, the court ordered that plaintiff was entitled to "retain immediate possession of [the truck] . . . its engine and all component parts." Defendants were required to "disclose to [p]laintiff's attorney . . . the location of the engine removed . . . and the identity of the party in possession of same." The court also issued a writ of possession directing MCS to recover the truck and its parts from defendants' repair yard.

In the letter from plaintiff's counsel to MCS enclosing the order and writ, counsel requested MCS contact her to "schedule the execution of the writ" because "[p]laintiff needs to arrange to have a tow truck there at the time of execution."

When MCS officers arrived at defendants' property to execute the writ, they observed the truck had no engine and was blocked by "large construction equipment with a flat tire" which "could not be moved under its own power." The officers stated Roach "refused to cooperate; he refused to release anything

4

identified in the [w]rit." Furthermore, although plaintiff was present at the location, he did not have a tow truck with him.

Plaintiff moved for enforcement of litigant's rights regarding the writ and requested the court to instruct "law enforcement attempting to execute [the] court's order and writ to arrest and take into custody . . . [Roach] should he refuse to comply with the terms of the court's order and companion writ."

The court emailed defendants, directing them to comply with the prior order and return the truck, engine, and all component parts by a certain date. The court warned that failure to abide by its directive could "result in the imposition of sanctions." Defendants did not comply and the court subsequently ordered Roach to appear before the court and show cause as to why he should not be held in contempt. Thereafter, default judgment was entered against defendants, and they were again ordered to return the truck and engine to plaintiff. The order stated that "[MCS] shall take necessary and reasonable steps to take possession of the truck and engine." However, the court denied plaintiff's request "to grant permission to any law enforcement officers enforcing [the] [c]ourt's orders to arrest [Roach]." Subsequent motion practice ensued between plaintiff and defendants, and ultimately final default judgment was entered in favor of plaintiff against defendants.

5

In the meantime, plaintiff filed a second amended complaint asserting an amercement and constitutional law claim as to MCS. Later, MCS moved for summary judgment. On August 26, 2024, the court granted the motion and dismissed the complaint against MCS.

On appeal, plaintiff contends the court erred in granting summary judgment because he presented disputed issues of material fact regarding the claim of amercement and other constitutional issues. We are unconvinced.

We review the trial court's grant or denial of a motion for summary judgment de novo, applying the same standard used by the trial court. Samolyk v. Berthe, 251 N.J. 73, 78 (2022). We consider "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995); Palmer v. Flagship Resort Dev. Corp., 481 N.J. Super. 465, 479 (App. Div. 2025); R. 4:46-2.

The statutory remedy of amercement states that:

> If a sheriff or acting sheriff fails to perform any duty imposed upon him by law in respect to writs of execution resulting in loss or damage to the judgment creditor, he shall be subject to amercement in the amount of such loss and damage to and for the use of the judgment creditor.

6

[N.J.S.A. 40A:9-109.]

In discussing amercement, we have stated it is a "'money penalty in the nature of a fine imposed upon an officer for some misconduct or neglect of duty.' . . . [t]he term has traditionally been ascribed to fines imposed on officers of the court for failing or neglecting to perform statutory functions such as levies and executions." Sears, Roebuck and Co. v. Braney, 265 N.J. Super. 362, 364 (App. Div. 1993) (citation omitted) (quoting Black's Law Dictionary 81 (6th ed. 1990)). A "sheriff is not liable to amercement until he shall have disobeyed positive, reasonable, lawful direction." Id. at 365 (quoting Kemble v. Harris, 36 N.J.L. 526 (E. & A. 1873)).

The court found its order was clear that "it was [p]laintiff's obligation to supply the means to remove the heavy equipment [they] wished to recover," and plaintiffs were not entitled to amercement because they did not have a tow truck present on the day of the execution of the writ. It stated: "Without a tow truck, the items could not be recovered." Furthermore, because plaintiff "offered no evidence in opposition" to MCS's summary judgment motion as to the amercement claim, the court found that was an "independent basis to grant summary judgment in favor of [MCS]."

7

We are satisfied the actions taken by MCS cannot be characterized as neglectful or as a failure to carry out its legal duty to execute the writ of possession. After receiving the writ of possession, plaintiff's counsel sent the writ to MCS, explicitly stating "[p]laintiff needs to arrange to have a tow truck there at the time of execution." MCS personally served the writ of possession on defendants but could not retrieve the truck and its parts because D'Angelo did not bring a tow truck to the repair yard to take back his truck. The sheriff's officer contacted the supervisor who in turn sought guidance from the court. The officer was subsequently instructed to return to headquarters.

After these events, the court again directed defendants to comply with the writ and return plaintiff's property. The letter stated that "plaintiff shall make arrangements to remove/tow the truck, engine, and component parts from defendant's place of business."

These facts demonstrate MCS's efforts to execute the writ of possession within the confines of its policies and the law. MCS served the writ and attempted to execute it. Its efforts were thwarted by plaintiff's failure to provide a tow truck and defendants' noncooperation. Moreover, the court denied plaintiff's request to authorize MCS to arrest Roach for his continued disobedience of its orders. There was nothing more for MCS to do under these

A-0386-24

circumstances. Plaintiff has not established MCS failed to execute its legal duty regarding the writ. Plaintiff was not entitled to amercement.

To the extent we have not commented on them specifically, all other points plaintiff raises on appeal lack sufficient merit to warrant discussion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-0386-24